## DIXON v. BOWLEGS.

No. 11838—Opinion Filed Oct. 23, 1923.

1. Taxation—Tax Deed—Invalidity—Judgment on Pleadings.

A tax deed describing two or more tracts or parcels of land, to be valid upon its face, must show affirmatively that the different tracts or parcels were sold separately and the amount for which each tract was sold, and failure in this renders the deed void upon its face.

(1) Where the petition in an action of ejectment bases right of recovery upon a void tax deed, and the defendant answers by general denial, and plaintiff files motion for judgment on the pleadings, the court is warranted in rendering judgment on said motion in favor of the defendant.

2. Same—Release of Lands from Erroneous Assessments—Effect.

The order of county commissioners issuing certificate of error under section 9648, Compiled Stats. 1921, releasing lands from erroneous assessment, is in the nature of a judgment, and binding upon all parties interested in the title before valid tax deed is issued.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Seminole County; J. W. Bolen, Judge.

Action by Ora M. Dixon against Hagar Bowlegs in ejectment. Judgment for defendant, and plaintiff brings error. Affirmed.

John W. Willmott and R. J. Roberts, for plaintiff in error.

J. A. Baker and P. T. McVay, for defendant in error.

Opinion by THREADGILL, C. This appeal comes up from the district court of Seminole county. The plaintiff in error, on February 2, 1918, filed suit in ejectment in said district court against the defendant in error asking for possession of the S. ½ of S. W. ¼ of N. E. ¼ of S. W. ¼ and S. E. ¼ of S. W. ¼, less 7.07 acres for Wewoka townsite, in section 18, E., T. 8 N., R. 8 E., in Seminole county, and for rents and damages. She claimed title through a tax deed executed to her by the county treasurer of Seminole county on November 28, 1917, a copy of which deed was attached to the petition and is as follows:

"Whereas, Ora M. Dixon on the 28th day of November, A. D. 1917, did produce to the undersigned, G. E. Bean, treasurer of the county of Seminole, state of Oklahoma, a certificate of purchase, in writing, bearing the date of the 4th day of November, 1915, signed by Frank R. Noe, who at the last mentioned date was treasurer of said county, from which it appears that on said 4th day of November, 1915, the tract, parcel or lot of land lastly in this indenture described was offered for sale at public auction, at the office of said county treasurer at the court house in said county, for the taxes levied thereon for the year 1914, and that there being no other bidder therefor offering the amount due, the same was by said county treasurer bid off in the name of said county for the sum of $18.42,

the said sum being the amount of taxes, penalty, interest and costs due and unpaid on said land returned delinquent for non-payment of taxes, costs and charges for the said year 1911, to wit: Taxes $15.68 Adv. .25 Treas. Fees .25 Clerks Fees .50, Pub. $8.00 Penalty $1.49 Sheriff Fees $2.75 in the county of Seminole and state of Oklahoma, and that thereafter, to wit, on the 23rd day of November, 1915, one Ora M. Dixon did pay to said county treasurer the sum of $20.10 being the full amount of taxes, penalty, interest and costs of sale and transfer up to the date of said payment, and that thereupon the said treasurer did assign and deliver to said purchaser, Ora. M. Dixon, the said certificate of purchase held by said county for said real estate; and it further appearing from an assignment endorsed on said certificate that said Seminole Co. did, on the 23 day of November, 1915, for a good and valuable consideration, sell, assign, transfer and set over to said Ora M. Dixon all of his right. title and interest in and to said certificate, and all rights thereunder, which said assignment was duly acknowledged before ——— a notary public in and for ———; and it further appearing that said Ora M Dixon is the legal owner of said certificate of purchase and the time fixed by law for redeeming the land therein described having now expired, and the same not having been redeemed as provided by law, and the said Ora M. Dixon, having demanded a deed for the tracts of land mentioned in said certificate, which was the least quantity of the tracts above described that would sell for the amount due thereon for taxes. costs and charges, as above specified, and it appearing that said lands were legally liable for taxation and had been duly assessed and properly charged on the tax books, or duplicate, for the year 1914. and that said lands had been legally advertised for sale for said taxes, and were sold on the 4th day of November, 1915, and it further appearing that the subsequent taxes on said lands for the year 1915 and 1916 amounting at the date of indorsement to $16.66, 31.73 were paid by the said Ora M. Dixon, as provided by law, and the amount thereof indorsed on said certificate on the 11th day of July, 1917.

"Now, Therefore, This Indenture, made this 28th day of November, 1917, between the state of Oklahoma, by S. E. Bean, treasurer of said county of Seminole, of the first part, and the said Ora M. Dixon, of Wewoka, Oklahoma, of the second part.

"Witnesseth: That the said party of the first part, for and in consideration of the premises and the sum of one dollar ($1.00) in hand paid. hath granted, bargained and sold, and by these presents doth grant, bargain, sell and convey to the said party of the second part, his heirs, and assigns forever, the said tract or parcel of land mentioned in said certificate, and described as

follows, to wit: S. ½ of S. W. ¼ of N. E. ¼ of S. W. ¼ of sec. 18, twp. 8, range 8 and the S. E. ¼ of the S. W. ¼ less 7 & 07-100 of sec. 18, twp. 8 range 8 lying and situated in said Seminole county, Oklahoma..

"To Have and to Hold said mentioned tracts or parcels of land, with the appurtenances thereunto belonging, to the said party of the second part, his heirs and assigns forever, in as full and ample manner as the said treasurer of said county is empowered by law to sell the same.

"In Testimony Whereof, the said G. E. Bean, treasurer of said Seminole county, has hereunto set his hand and seal on the day and year aforesaid. G. E. Bean, County Treasurer of Seminole county, State of Oklahoma." (Seal.)

The defendant answered by general denial. On May 18, 1920, the plaintiff in error filed motion for judgment on the pleadings, which was overruled by the court, and the plaintiff saved an exception, and on the same day the cause was tried to the court and resulted in judgment for the defendant.

The court in rendering judgment found that the land in controversy was a part of the tribal lands of Caesar Bowlegs, a Seminole freedman, and occupied by him and his family as a homestead; that said lands were extended on the tax rolls as taxable property for the years 1914-1915-1916, and same were delinquent. and a tax certificate was issued and transferred to the plaintiff, and she paid the taxes up to some date, which is not stated in the judgments; that plaintiff remained the owner of said tax certificate; that the county commissioners entered a judgment, declaring said lands nontaxable and issued to the heirs of Caesar Bowlegs a certificate of error. showing no taxes due on said lands for the years 1914-1915-1916, and any other years; that said judgment was recorded in county clerk's office and in county treasurer's office of said county, and no appeal was taken from the same, and no suit instituted to set the same aside; that the county treasurer deeded the land to the plaintiff upon her tax certificate and for taxes paid by her; and then the court made the following conclusions of law:

### "Findings of Law.

"That court finds as a matter of law that the said deed was void for the reason that at the time of the execution of said deed by Seminole county that there was existing a valid subsisting judgment by the county commissioners adjudicating the fact that there was no taxes due on said land."

"The court finds as a matter of law that said judgment of the county commissioners was at that time unattacked by anyone and stood as a valid subsisting judgment and was binding on all parties concerned, and that therefore the county treasurer had no authority under such conditions to execute a deed to the plaintiff.

"The court finds further as a matter of law that the heirs of Caesar Bowlegs being freedmen and unrestricted rendered said land subject to taxation, and that the same in reality was as a matter of law subject to taxation in the hands of the heirs."

From this judgment and order overruling motion for new trial the plaintiff brings the case here by petition in error and case-made for review.

1. Plaintiff in error contends that she was entitled to judgment on the pleadings, citing many authorities to support this contention and this would be true if this tax deed pleaded by her as the foundation of her title were valid upon its face, but if void on its face then the court would have been warranted in sustaining the motion in favor of the defendant in error. Mires v. Hogan, 76 Okla. 233, 192 Pac. 911.

An examination of the deed discloses two separate tracts of land described, one a five acre tract and the other a 32.93 acre tract, and the county treasurer bid them both in for $18.42 for the year 1914, without showing how much was due on each tract or parcel described, and issued a tax certificate, and this certificate was transferred to the plaintiff and the subsequent taxes on said lands for the years 1915 and 1916 at the time the said certificate was transferred to the plaintiff were $16.66 and $31.73, respectively, said transfer being made on July 11, 1917. The deed does not show the amount of taxes due on each tract for which the same was sold, but gives the aggregate for both tracts or parcels. This was not sufficient to make the deed valid on its face. Under the decisions of this court it was void on its face. Turman v. Ingram, 83 Okla. 198, 202 Pac. 993; Lowenstein v. Sexton, 18 Okla. 322, 90 Pac. 410; Blanchard v. Reed, 67 Okla. 137, 168 Pac. 664.

2. We have examined the entire record and studied the well-prepared briefs on both sides to determine whether or not the judgment of the court is supported by the evidence. The testimony shows that the county commissioners of Seminole county, on February 13, 1917, issued certificates of error in favor of the defendant

clearing these two parcels of land of all taxes, as erroneous, from 1909 to 1916, inclusive, and these certificates show that the lands described in the tax deed were assessed for taxes as two separate and distinct tracts or parcels, and this certificate issued under section 9648, Compiled Stats. 1921, amounted to a judgment, conclusive upon all parties, and the finding of the court on this point is supported by sufficient authority in the statute itself.

The finding of the court that the land was inherited freedmen land and subject to taxation after the death of the allottee in 1912 is not supported by the evidence. There is no testimony in the record to this effect. The certificate of enrollment was introduced in testimony but it does not show the degree of blood, if any, of the allottee only that he was Seminole, and there is no other testimony on this question but this was harmless error in the case.

The judgment of the court should be affirmed.

By the Court: It is so ordered.