HEFNER et al. v. CRAVENS.

No. 29741.   Oct. 28, 1941.

*118 P. 2d 652.*

Twyford & Smith and William J. Crowe, all of Oklahoma City, for plaintiffs in error.

E. Blumhagen, of Watonga, for defendant in error.

DAVISON, J. In the trial court, the defendant in error, as plaintiff, recovered a judgment quieting his title against various defendants, including the plaintiffs in error, to portions of four different sections of land in Blaine county, and the latter have appealed. The parties will hereinafter be referred to as they appeared in said court.

Prior to the year 1928, Clark Pendergast and Lillie Pendergast owned said land. On July 17th of that year, said owners conveyed a portion of the mineral rights therein to W. H. Atkinson, who thereafter, in August and September of the same year, conveyed a portion of his interest to the defendants.

In April, 1936, the land was sold to the county at a tax resale, and on May 20th of that year, the county treasurer executed and delivered to the chairman of the board of county commissioners of said county a tax resale deed to said land. Thereafter, in April, 1938, plaintiff procured deeds to the property from Clark and Lillie Pendergast. On May 9, 1938, he purchased it from the county and received a deed to same executed by the chairman of the board of county commissioners of said county.

To support their contention that the trial court erred in quieting plaintiff's title deraigned as above described, the defendants challenge the validity of both the resale deed to the county and the county commissioner's deed to plaintiff.

One of the asserted defects in the resale tax deed is that same shows upon its face that in two instances two sepa-

rate tracts of land were sold for a single consideration. This, under the rule announced in Dixon v. Bowlegs, 93 Okla. 47, 219 P. 665, is said to render said deed void on its face. The two instances in question are designated in the deed as sales "No. 408" and "No. 415." The land involved in "Sale No. 408" as described in the deed is: "S.½ of N. W. & N. E. of N. W., sec. 14, Twp. 19, Rng. 12," while that involved in "Sale No. 415" is described as: "S.½ of N. E. & N. W. of N. E. sec. 15, Twp. 19, Rng. 12." The delinquent taxes on the two subdivisions in each of the two sections are listed as one single sum for each of the several years involved, as is the price paid therefor. Dixon v. Bowlegs, supra, involved a 5-acre tract and a 32.93-acre tract comprising two subdivisions of the S. W. ¼ of section 18, T. 8 N., R. 8 E., in Seminole county. The tax deed revealed that both were sold to the grantee therein for one consideration. This court held that said deed was void on its face under the rule which appears in the first paragraph of the syllabus formulated therein, as follows:

"A tax deed describing two or more tracts or parcels of land, to be valid upon its face, must show affirmatively that the different tracts or parcels were sold separately, and the amount for which each tract was sold, and failure in this renders the deed void upon its face."

Counsel for defendants herein seem to be of the opinion that the deed in question fails to show a compliance with section 12755, O. S. 1931 (68 Okla. St. Ann. § 414), providing that the county treasurer shall bid off such land for the amount of taxes, etc., due thereon on the theory that the subdivisions of the northwest quarter of section 14 and the northeast quarter of section 15 in township 19, range 12, named in the deed, must have been assessed for taxes, and under section 12628, O. S. 1931 (68 Okla. St. Ann. § 294), listed on the tax roll of Blaine county as separate tracts. In Board of Com'rs of Tulsa County v. Sutton, 185 Okla. 665, 95 P. 2d 648, this court considered the rule followed by such cases as Dixon v. Bowlegs, supra, as well as section 12628, supra. There, however, we also recognized as an exception to the asserted requirement that under our statutes lots and tracts must be assessed separately, the rule stated in Frazier v. Prince, 8 Okla. 253, 58 P. 751, that adjoining lots or tracts used and occupied as one, may be assessed as a single tract. We know, and it is a matter of common knowledge, that adjoining lots or tracts listed on county records in the name of the same owner or taxpayer are often assessed together and the taxes thereon computed and listed as a single composite sum. In such a situation it would be impossible to procure from such records a separate listing of taxes due on such tracts for the purposes of a tax sale or any other purpose. Therefore, we think that as a matter of practical justice, the rule enunciated in Board of Com'rs of Tulsa Co. v. Sutton, supra, should be applied in all proper cases. That rule is as follows:

"Land described in a tax deed and shown therein to have been sold as one parcel for a single consideration is presumed to be one separate tract and properly subject to listing and valuation as such on the tax rolls, and to tax sale for a single consideration, unless the contrary affirmatively appears on the face of the deed."

As the land described in the tax deed involved herein as being in section 15, twp. 19, range 12, is shown therein to have been sold as one parcel for a single consideration and the same is true of the land described therein as being in section 14, the presumption above described must be indulged in support of said deed. As there is nothing on the face of the deed or in the evidence of the present case contrary to said presumption or tending to show that said adjoining portions of the two sections were not used and occupied and assessed as a single tract, the contention of the defendants that said deed is void on its face under the rule of Dixon v. Bowlegs, supra, cannot be sustained.

The defendants also say said resale deed is void on its face for the asserted reason that the name of the grantee is left blank. The statute (sec. 12755, supra) provides that such a deed shall be issued ". . . in the name of the chairman of the board of county commissioners and his successors in office for the use and benefit of the county. . . ." The present deed designates the chairman of the board of county commissioners as the grantee therein, but it does not give the name of said chairman, leaving a blank space immediately preceding the words "_____Chairman of the Board of County Commissioners of Blaine County, Oklahoma, . . ." The defendants rely upon the rule quoted from 16 Am. Jur. par. 79, at page 483, that an instrument in which a blank has been left for the name of the grantee is no deed and is inoperative as a conveyance so long as the blank remains unfilled. The plaintiff contends that the blank above described is not fatal to the deed in question; his argument being that the name of the grantee is sufficiently identified or made capable of identification by the description of his official capacity appearing therein. He cites American Jurisprudence in support of his argument, quoting an excerpt from par. 77, p. 482, vol. 16, thereof to the effect that omissions in the grantee's name do not render the deed void if such grantee is identified by intrinsic or extrinsic evidence, and that misnomer of the grantee will not invalidate the deed where some person in esse can be shown to be the person that was intended. In our opinion, the rule cited on behalf of the defendants is not applicable to a deed like the one in question. The situation here is more nearly analogous to the one in York et al. v. Stone, 178 Wash. 210, 34 P. 2d 911. There the grantee named in the deed involved was the trust committee of the Edward B. Rhodes Post No. 2, American Legion, and the court held the deed was not void or impotent as a conveyance of title to said trust committee because of its failure to name the members of said committee under the rule that to pass title to the grantee intended, a deed

need not describe him by name, if it otherwise identifies him or makes him susceptible of identification by extrinsic evidence. In view of the foregoing rule and the provisions of section 12755, supra, we are of the opinion that the deed in question names the grantee intended therein with sufficient definiteness and certainty to meet the requirements of the law as to this feature of it.

The only remaining defects said to inhere in the resale deed are that it shows one of the tracts described therein to have been sold for less than the amount of taxes, less deductions due on it, and that it purports to convey a tract which does not therein appear to have been sold at the resale. The plaintiff contends that the original deed introduced in evidence at the trial did not have these defects and that their appearance in the record is merely the result of typographical errors on the part of the court reporter. By stipulation entered into between the parties since their briefs were filed, plaintiff's statement concerning the defects mentioned has been conceded and the case-made filed herein amended in conformity therewith; thus eliminating from our consideration the question of the effect of such defects upon such a deed.

The next of the defendants' contentions to be considered are those concerning the validity of the county commissioners' deed executed and delivered to the plaintiff. The deed is said to be void for three reasons, one of which is that the sale pursuant to which it was given was not approved by the board of county commissioners, as is required by section 4, chap. 14, S. L. 1933, as amended by section 2, art. 16, chap. 66, S. L. 1935 (68 Okla. St. Ann. § 419). The deed itself states that the board of county commissioners "in legal meeting at the courthouse in said Blaine county, Oklahoma, on the 9th day of May 1938 . . . did, by order, duly made and entered on its records, approve said sale and directed its chairman to execute a deed for the same to the grantee, herein." The deed also recited that plaintiff made his bid for the purchase of said property from the county

on April 11, 1938, and plaintiff testified that he made the bid. The only evidence defendants produced to support their contention was the testimony of the county clerk. He testified in substance that an examination of the record of the proceedings of the board for the year 1938 failed to disclose any mention of a meeting of said board on May 9, 1938, or to contain any reference to a bid having been made on the land in question by plaintiff between said date and April 11, 1938. The same character of evidence was relied upon by those contesting a county commissioners' deed in Jackson v. Sadler et al., 172 Okla. 56, 44 P. 2d 838, and this court there said that such testimony was insufficient to overcome the presumption indulged in favor of the deed that the board of county commissioners, like other public officers, perform the duties required of them by law. In view of this presumption and the absence of any other evidence than that mentioned above to show that the sale in question was not properly approved by the board of county commissioners, we cannot say that the judgment of the trial court to the contrary is clearly against the weight of the evidence.

The defendants also claim the county commissioners' deed to plaintiff was void on the ground that he was disqualified from attempting to procure title in such a manner, by reason of having previously taken deeds to the land from Clark and Lillie Pendergast. The argument seems to be that the latter purported conveyances from the former owners made him the owner of the property previous to his purchase from the county, and he was thereby disqualified from making such a purchase under the rule promulgated in Brooks v. Garner, 20 Okla. 236, 94 P. 694, and followed in Grison Oil Co. v. Lewis, 175 Okla. 597, 54 P. 2d 386, that one who is under a moral or legal obligation to pay the taxes upon realty is not in a position to purchase it for taxes, and where he does so he acquires no right or title to the property thereby, but his purchase is deemed to be merely a mode of paying the taxes. In our opinion, this rule is not applicable to plaintiff's position before he purchased the land in question. The deeds executed and delivered to him by the former owners in 1938, after the resale of the land in 1936, were impotent to vest in him the title to the land or to transfer from them to him the obligation of paying the delinquent taxes due thereon, because the title to said land was then in the county. See Taylor et al. v. Lawrence et al., 176 Okla. 75, 54 P. 2d 634, and Swan v. Kuehner, 157 Okla. 37, 10 P. 2d 707. In Taylor v. Lawrence, supra, this court held:

"The purchaser at a valid tax resale procures a title to the real estate from the government which is free and clear from any former right of any former owner of the real estate."

The rule enunciated in Taylor v. Lawrence, supra, has been modified by the more recent decision of this court in Thompson v. Smith et al., 189 Okla. 217, 114 P. 2d 922, which dealt with the right of redemption granted the former owner of real estate sold at the 1939 tax resale by section 14, art. 31, ch. 66, S. L. 1939, 68 Okla. St. Ann. § 432 m. The basic proposition laid down in that opinion is that as long as the former owner has such an absolute right of redemption, title to the property remains in him, but it was also said that such title is ". . . subject to being divested by his failure to timely exercise the right of redemption, . . ." and that after the expiration of the redemption period without this right being exercised, a fee-simple title is vested in the purchaser.

This brings us to another phase of the defendants' argument. They cite section 3, art. 16, ch. 66, S. L. 1935 (68 Okla. St. Ann. § 420) in support of their position, arguing that said statutory provision evidences the intention of the Legislature to give one in the position of the plaintiff a right to redeem land such as is involved herein, as long as the title thereto is in the county. Said section does give the last previous record owners prior to the resale and their grantees, etc., the right to reacquire the property by paying the taxes therein described, but the period

during which that might be done is specifically limited by the express language of said act to "the remainder of the calendar year 1935. . . ." Plaintiff did not acquire his deeds from the Pendergasts (the record owners prior to the resale) until 1938, long after the period of redemption prescribed by the 1935 act had expired, without the right of redemption therein granted having been exercised. The defendants cite no legislative act, and we know of none, upon the basis of which the Pendergasts could be held to have had any right to redeem the property in question at the time they executed their deeds to the plaintiff. Such a right is a matter of exclusive legislative grant, and cannot be fabricated from speculation as to the intent of the Legislature, in the absence of legislation expressly creating it. If the record owners of real estate prior to such resales and their grantees had the right exclusive of such statutes to redeem said property from such sales, it is passingly strange that the Legislature has deemed it necessary to enact specific legislation purporting to create that right, as often as has been done. See sections 7, 8, 9, ch. 14, and sec. 1, ch. 41, S. L. 1933; secs. 3 and 4, art. 16, ch. 66, S. L. 1935, supra; and sec. 14, art. 31, ch. 66, S. L. 1939.

As upon the basis of this court's decisions in both Taylor v. Lawrence and Thompson v. Smith, supra, the Pendergasts had no title or interest in the real estate in question to convey to the plaintiff by their deeds of 1938, we fail to see how such purported conveyances could have conferred upon the plaintiff any moral or legal obligation to pay the delinquent taxes due thereon. The Pendergasts' duty or obligation to make such payment was extinguished when they finally and unequivocally lost their rights and interest in said property. We therefore conclude that the rule promulgated and followed in the cases cited by the defendants, supra, does not apply here, and that plaintiff's deed from the county commissioners was not void because he was disqualified to make the purchase evidenced thereby.

The remainder of the argument by which defendants seek to demonstrate the invalidity of plaintiff's deed from the board of county commissioners concerns the sale pursuant to which it was given. They say that since the tax notice of said sale advertised plaintiff's bid on "a lump sum" for all ten tracts of land involved in said sale, and gave notice that all of the tracts would be sold for a single consideration, and since the land was thereafter sold to plaintiff for such consideration, the sale was a nullity. In this argument defendants seek to apply to a county commissioners' sale the requirement which applies to tax sales and resales in this jurisdiction, namely, that different parcels of land must be sold separately and for separate considerations. This requirement, however, finds its basis in statutory provisions (see Cochran v. Sullivan, 94 Okla. 23, 220 P. 870; sec. 12762, O. S. 1931, 68 Okla. St. Ann. § 454; 12755, O. S. 1931, 68 Okla. St. Ann. § 414; Emery v. Stansbury, 173 Okla. 478, 49 P. 2d 155) while, as counsel for plaintiff points out, there is no statute which in express terms has any bearing upon the matter with regard to sales such as is here involved. The only statutory provision counsel for defendants cite to support their argument is the portion of section 4, ch. 14, S. L. 1933, and its amendment (sec. 2, art. 16, ch. 66, S. L. 1935) which reads:

". . . The cost of said advertisement and other expense incident to said sale, as now provided by law, shall be apportioned to the respective tracts listed in said sale. . . ."

This section lends no support to defendants' argument, for an examination of the last provision of same as well as the title of the act conclusively demonstrates that it applies "exclusively to real estate situated in incorporated cities and towns or to real estate subdivided for townsite purposes. . . ." It is neither claimed nor shown that the land involved in the sale in question belongs to either of the classes of real estate above named. The statute applicable here is section 12755, O. S. 1931. The only portion of same which expressly

564

applies to a sale such as is here involved reads as follows:

". . . Any property acquired by the county under the provisions of this section may be sold by the treasurer at such price as may after notice by publication be approved by the board of county commissioners. Said notice of publication shall be given by the treasurer in the official county paper or some paper designated by the board of county commissioners and shall embrace a description of the property, the price and to whom proposed to be sold and stating that he will on a given date to be stated in the notice apply to the board of county commissioners for its approval of said sale and for an offer (sic) directing that deed for said property be executed by the chairman of said board. The proceeds of sale of any property acquired by the county under the provision hereof shall accrue to the common school fund of the county. When the lands advertised are sold by the county treasurer and the fees received for printing have been paid to the treasurer, he shall disburse the same to the person entitled thereto, and it shall be necessary for such person to file a claim with the county clerk, whose duty it shall be to audit said claim. Said claim shall be properly verified, and if the amount claimed therein be found true and correct, it shall be the duty of said county clerk to certify same to the county treasurer, whose duty it shall be to pay said claim."

It will be noted that there is no requirement in the above-quoted section that the land involved in a sale such as is there described shall be sold to the highest competitive bidder, or that the expenses of such sale shall be apportioned to the respective tracts involved, or that the proceeds from said sale shall be distributed to the school district in which said real estate is located, as is found in the 1933 act (secs. 3 and 4). Nor is there expressed in said act any requirement that the land shall be sold for an amount equal to any taxes, costs, etc., ever due thereon or for any other minimum sum. For all that appears from the act, this matter is left entirely to the discretion of the county officials named therein. In view of the foregoing, the considerations which are held to re-quire land to be sold in separate tracts for separate considerations at tax sales and resales cannot be said to apply under our statutes to land sold at the county treasurer's sale described in section 12755, supra. In the absence of any statutory provision from which such a requirement can be deduced, this court cannot fabricate one. The matter is solely within the province of the Legislature. Counsel for defendants cite the case of Shelton v. Klickitat County, 152 Wash. 193, 277 P. 839, as holding that a sale similar to the one involved herein is a "tax sale," in support of their argument that our statutory provisions regarding such sales should apply to this sale, but in view of the differences between our statutory provisions regarding tax sales and resales and those expressly applying only to county treasurers' sales, we do not think we are warranted in holding that the provisions governing the former are applicable to the latter purely upon the ground urged.

As we have found no cause for reversal in any of the argument advanced by the defendants, the judgment of the trial court is hereby affirmed.

WELCH, C. J., and RILEY, OSBORN, BAYLESS, GIBSON, and HURST, JJ., concur. CORN, V. C. J., dissents. ARNOLD, J., absent.