TAYLOR v. TROW et al.

No. 30429. Nov. 17, 1942.

*131 P. 2d 79.*

486

C. T. Huddleston, of Okemah, for plaintiff in error.

Harry Stephenson and Clem H. Stephenson, both of Okemah, for defendants Henry Trow and Sally Trow.

PER CURIAM. Quincy Taylor, plaintiff in error, hereinafter referred to as plaintiff, commenced this action against Henry Trow, Sally Trow et al., in the district court of Okfuskee county, to set aside and cancel a resale deed and a correction resale deed from the county treasurer to the chairman of the board of county commissioners of said county, and also to cancel a deed from the board of county commissioners to Henry Trow and Sally Trow, hereinafter referred to as defendants. The parties defendant other than Henry Trow and Sally Trow are not involved in this appeal. The defendants filed a general demurrer to the petition and special demurrer to the effect that the plaintiff had not made the tender required by law prior to bringing the action to set aside a tax deed.

The trial court sustained the demurrer and plaintiff elected to stand on the petition. Thereupon the court dismissed plaintiff's case, and plaintiff appeals.

The only specification of error is that the trial court erred in sustaining the demurrer and dismissing plaintiff's petition.

The deeds sought to be canceled were assailed in the petition on four grounds: (1) That in the notice of original sale where the land was bid in by the county treasurer in the name of the county, the name of the owner of record was not given. (2) That the notice of resale of the premises was defective in the same regard. (3) That after resale to the county, the county treasurer issued a deed to Okfuskee county instead of the chairman of the board of county commissioners, and that thereafter the county treasurer made, executed, acknowledged, and recorded a corrected deed wherein Tom Crawley, chairman of the board of county commissioners, was named as grantee, when, at the time the corrected deed was so executed, the term of Tom Crawley as member and chairman of the board of county commissioners had expired, and Ray Collins had become the chairman of the board of county commissioners. (4) The fourth ground is that oil and gas was discovered upon the land involved prior to the sale and resale of said land for taxes, and that said land had been producing oil and gas ever since, and that plaintiff is the owner of the oil and gas rights, or a part of them, thereunder, and the gross production taxes have been paid during the said period up to the present time, and that only a part of said real estate, if any thereof, was subject to ad valorem taxation.

The deed by the county commissioners to defendants was assailed upon the sole ground that the resale tax deed to the county was void, and therefore the county had no interest in the land which it could convey to said defendants. A copy of each of the three deeds was attached to the petition and made a part thereof.

The first resale deed to the county dated June 26, 1940, was defective in at least two particulars. First, the grantee therein named was Okfuskee county, whereas under the provisions of sections 7 and 8, art. 31, ch. 66, Session Laws 1939, the deed is to be made to the chairman of the board of county commissioners for property that has been bid off in the name of the county. Second, the consideration was stated as the total sum paid, to wit, $————, instead of "the cancellation of all the taxes, penalties, interest and costs heretofore levied and assessed . . . ."

The corrected deed was in all respects regular in form as prescribed by the statute. It was dated as of the 26th day of June, 1940, which was the same day upon which the original resale deed was dated. It was acknowledged and recorded on the 9th day of September, 1940, before any action was commenced by the plaintiff. The only objection raised to the sufficiency of that deed was the fact that it named Tom Crawley as chairman of the board of county commissioners and the petition alleged that at the time the deed was executed Tom Crawley was no longer chairman of the board of county commissioners.

A purchaser at a tax sale who has received a defective deed is entitled to a new corrected deed, and he may have as many deeds issued as he desires until he gets a good deed. 61 C. J. 1362.

A new or corrected tax deed relates back to the time of the sale and becomes effective from that time. 61 C. J. 1363.

The true intent and purpose of the law is to vest the title of land bid in by the county at resale in the county. The chairman of the board of county commissioners is designated as the proper grantee in such deeds. But the provision of section 8, art. 31, ch. 66, Session Laws 1939, is that the resale tax deed shall be in substantially the form therein set forth. The mere fact that the corrected deed named the person who was chairman of the board of county commissioners at the time the resale was consummated and at the time the first deed was executed, instead of naming the person who was chairman of the board of county commissioners at the time the corrected deed was executed, did not render said deed void or voidable. It would not have been void if it had named no person as chairman of the board. Hefner v. Cravens, 189 Okla. 558, 118 P. 2d 652.

It is next contended that the resale deeds were both invalid upon the ground that the notice of resale did not name Quincy Taylor as the owner of the land, since it appeared that said Quincy Taylor was the owner of said real estate all of said time as shown by the records of Okfuskee county.

Plaintiff relies upon Brown v. Mudd et al., 173 Okla. 152, 47 P. 2d 109, wherein it is held that a publication notice of tax resale affirmatively giving as the owner the name of a person not appearing to be the owner of the premises according to the last tax rolls in the office of the county treasurer is defective and a tax deed issued in pursuance thereof will be set aside and voided if attacked within one year of the recordation thereof. But in a later case, Swearingen v. McCartan et al., 186 Okla. 241, 96 P. 2d 1061, it is held that a notice of tax resale which omits any reference to the name of the owner of the land to be sold is not fatally defective where the last tax rolls in the office of county treasurer were silent as to such ownership. Both of the above cases involved resales made prior to the enactment of article 31, ch. 66, Session Laws 1939, supra, commonly known as the 1939 Resale Act. Section 9 of said act provides that a resale tax deed executed in substantial compliance with provisions of said act shall be prima facie evidence in all courts of the state

in all suits and controversies relating to the rights of the grantee named in said deed, his heirs, successors or assigns, to the land thereby conveyed, of seven specified facts. The sixth is that the property was legally sold at resale to the grantee named in said resale deed and was duly advertised before being sold. Said section further provides that "to defeat the deed it must be clearly pleaded and clearly proven that one or more of the essential prerequisities to the vesting of authority in said county treasurer to execute such deed was wholly omitted and not done; and a showing that one or more of said prerequisites was irregularly done shall not be sufficient to defeat the deed."

In this case the petition, if it alleges anything with reference to such notice, alleges that the notice was irregularly given and not wholly omitted. Under the foregoing provision of the law it would not invalidate the deed.

It is next contended that the demurrer should not have been sustained because the plaintiff pleaded and set forth that the land involved in this controversy had begun producing oil and gas long prior to the time the tax was levied and assessed against same for the various years for which it was sold, and that the gross production tax had been paid thereon and that the county treasurer by issuing deed thereto and defendant by taking the same had clouded the title of the plaintiff in and to oil and gas rights, part of which were owned by the plaintiff. The effect of a tax deed as to separate ownership of oil and gas rights under a tract of land sold for taxes and resold to the county is not a proper question for inquiry in an action to set aside such deed. Those matters may be considered in a separate action to determine the ownership of the oil and gas rights. In this case we express no opinion as to the rights of plaintiff to claim separately the oil and gas rights in question.

The second or special ground of demurrer was that the plaintiff had not made the tender required by law prior to bringing an action to set aside the tax deed. We assume that defendant by such special demurrer referred to a tender of all the taxes, penalties, interest, and costs which the plaintiff would be required to pay in case he was redeeming the land from such sale.

In the petition plaintiff stated that he "hereby tenders into court any and all taxes, interest, penalties and costs for which said land may be legally liable, and offers to pay all such tax that the court may find to be due and payable." This we think was a sufficient tender under the decision of this court for the purpose of commencing an action, and the special demurrer on the ground stated was not well taken.

Since we have held the general demurrer good, the judgment is affirmed.

WELCH, C. J., CORN, V. C. J., and GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. RILEY, OSBORN, and BAYLESS, JJ., absent.