Hart, J.
 

 This litigation involves the regularity and validity of a forfeited land tax sale under Sections 5750 to 5773, General Code, which sections place upon the county auditor the duty of conducting and consummating such a sale and specifically direct how such a sale shall be conducted. It is apparent from a perusal of these statutes that they were enacted to protect the county in the collection of delinquent taxes assessed against such forfeited lands, and to protect the interests of the owners of the forfeited lands in any interest ox equity which they may have therein.
 

 
 *13
 
 The pertinent parts of Section 5752, General Code (120 Ohio Laws, 154, effective August 11, 1943), read as follows:
 

 “The auditor in each county, on the day set for said sale shall attend at the court house and offer for sale the whole of each tract of land as contained in the list heretofore provided for, at public auction,
 
 to the highest bidder
 
 for an amount sufficient to pay the taxes, assessments, penalties, interest and costs which stand against it. He shall offer each tract separately, beginning with the first tract contained in the list. If no bid is received for any of said tracts in an amount sufficient to pay the taxes, assessments, penalties, interest and costs which stand against it, the auditor may offer such tract for sale forthwith, and sell it for the best price obtainable, irrespective of the amount of taxes, assessments, penalties, interest and costs due upon it. He shall continue through such list and
 
 may adjourn the sale from day to day
 
 until he has disposed of or offered for sale each tract of land' specified in the notice. He may offer a tract of land two or more times at the same sale. * *
 

 ‘ ‘ Such sale shall convey the title to said tract or parcel of land, divested of all liability for any arrearages of taxes, assessments, penalties, interest a'ndcosts which remain after applying thereon the amount for wdiich it was sold.” (Italics supplied.)
 

 Conceiving it to be within his power and authority to do so, ’the respondent adopted certain supplementary rides of procedure with reference to the conduct of forfeited land tax sales which rules were not in conflict with statutory requirements. One of these rules, designated as rule 2, which was at all times known to the relator and with which he acquiesced until the conditional acceptance of his bid was withdrawn or cancelled, was as follows:
 

 “All bids at this auction will be accepted only ten
 
 *14
 
 tatively, the county auditor reserving the right, before the auditor’s deed is delivered to investigate and reject any bid within 6(3 days of the date the parcel in question is offered. ’ ’
 

 The question before the court in the instant case on the consideration of relator’s demurrer to the respondent’s answer is not directly the validity or invalidity of rule 2, but whether, as alleged and set out in his answer, the conduct of the respondent, pursuant to rule 2 or even aside from it, is a valid defense in law against the attacks made in the petition concerning the conduct of the respondent as liquidating officer in the sale of the property involved in this action.
 

 It must be observed that'the respondent, under the statutes, is not only the statutory liquidating officer in charge of forfeited land tax sales, but that he likewise serves in the capacity of a trustee for the benefit of all parties interested in a sale — the county to secure its taxes, the owner to secure any equity he may have in the property, and the purchaser of the property at the sale to secure a proper title — and is subject to and charged with all the duties imposed by law including the recognized common-law loyalties to a trusteeship.
 

 “An officer conducting a sale under an execution or tax distress warrant is frequently said by the courts to be the agent of all the parties concerned, and has the power of discretion to determine whether the best bid made is adequate and to refuse to accept such bid if it is inadequate.” Editorial comment, annotation, 110 A. L. R., 1077. See, also, 25 Ohio Jurisprudence, 1005, Section 28.
 

 The legal status and duties of the respondent in this regard are stated in 31 American Jurisprudence, 446, Section 91, as follows:
 

 “The officer conducting-a judicial sale, except where his discretion is controlled by the order of sale, can withdraw the property temporarily or adjourn the sale
 
 *15
 
 to avoid sacrifice at any time before the property is knocked off, and even after bids have been received and cried. The highest and best bidder in such case acquires no right to compel a conveyance of the property to him, because until the property is knocked off' there is no acceptance of his offer, and no contract. Similarly, since it is only a mere offer, a bid at a judicial sale may be withdrawn or retracted at any time before the hammer is down, or until the bid has in some other way been accepted by the seller.” See, also, 25 Corpus Juris, 1119, and 36 Corpus Juris Secundum, 741, 743.
 

 In the conduct of forfeited land sales for delinquent taxes, the auditor is the only officer who has ah opportunity to see that the sale is made with fairness and justice. No court approval or confirmation of such sales is required. The law, therefore, should not deprive the auditor of the right and duty to exercise reasonable discretion to prevent any miscarriage of justice such as would have occurred in the instant case if he had not intervened. .
 

 In view of the statutory requirements that in conducting forfeited land tax sales the county auditor must secure “the best price obtainable” and that a sale must be to the “highest bidder,” and in view of the admitted fact that the auditor may adjourn the salé after a bid made at the first offer appears to him inadequate, and in view of the fact that no court confirmation of such sale is necessary but that the sole responsibility for its regularity, validity and fairness to all the parties concerned rests with the auditor, can there be any question in the instant case that the respondent would have been subject to serious charges of disloyalty to his trust if, before a final acceptance of relator’s first bid, he had learned that relator’s bid was less than one-third of relator’s final bid, and had then waived the conditional acceptance of relator’s bid,
 
 *16
 
 accepted it unconditionally, and sold the property on such bid?
 

 Under the facts of this case, as disclosed by the pleadings, the respondent was well within his rights in refusing to accept unconditionally the original bid of the relator. On the other hand, the relator has no basis for his claim to compel the respondent to accept his original bid. Relator’s first bid was accepted conditionally and until it was accepted unconditionally and the property knocked down to him, there was no meeting of the minds and no sale.
 

 Most of the legal principles involved in the instant case were before the court for consideration and were' determined in the case of
 
 Krug
 
 v.
 
 Hopkins, Sheriff,
 
 132 Neb., 768, 273 N. W., 221, 110 A. L. R., 1071. The facts in .that case are not materially different from those in the instant case. In that case the sheriff, as liquidating officer, sold personal property under a distress tax warrant.
 

 The law of Nebraska required a sale to the highest bidder and the restoration of any overplus, after payment of taxes and expenses, to the former owner. The sale was conducted under a presale notice of right to reject bids. 'The sheriff refused to accept the highest bid for the property at the first offering and returned the order of sale on the ground there was no sale. Under an alias order, he again offered the property for sale. The original high bidder sought to enjoin the second sale and claimed that he was entitled to the acceptance of his bid and to a deed.
 

 In approving the action of the sheriff, the Supreme Court, of Nebraska held that in conducting a sale under a distress warrant the sheriff has entire discretion as to the details of conducting the sale, provided he follows the requirements of the statute; that although sales for taxes made under a distress warrant must be made in strict accordance with the statute, there is a
 
 *17
 
 legal presumption that the official acts'of the sheriff in selling property under a distress warrant are properly and rightfully done; and that if the sheriff in making-such sale under a distress warrant receives no bid which, in his judgment, is adequate under all the circumstances, he may either postpone the sale or make a return and secure an alias distress warrant. The court held further that a sale by. a sheriff, after failure to secure an adequate bid at a sale under an original warrant, was not enjoinable at the suit of the bidder at the first sale, the proceedings not appealing to have been in conflict with any statute. See, also, annotation, 110 A. L. R., 1077.
 

 The demurrer to the answer of respondent is overruled, and the parties having agreed that the ruling on the demurrer should be dispositive of the case, the writ is denied.
 

 Writ denied.
 

 Weygandt, C. J., Sohngen and Stewart, JJ., concur.
 

 Zimmerman, J., concurs in separate concurring opinion.
 

 Turner and Matthias, JJ., dissent.