Middleton, J.
The issues in this case relate only to the procedure to sell land that has been regularly forfeited to the state for nonpayment of taxes. No question is involved with respect to sale of delinquent lands by way of foreclosure under Chapter 14 of Title I, Part Second, General Code. The procedure under examination is that prescribed in Chapter 15 of Title I which embraces Sections 5744 to 5773, inclusive.
Section 5750 provides:
“The county auditor shall maintain a list of forfeited lands and shall offer same for sale annually. ’ ’
*409 Section 5751 provides that if the taxes, assessments, penalties, interest and costs due on “the forfeited lands” have not been paid, the auditor shall cause notice to be published that if the taxes, etc., are not paid'before the date specified therein, “each tract, so forfeited, on which the taxes, assessments, penalties, interest and costs remain unpaid will be offered for sale” beginning on a date specified.
Section 5752 provides in part:
‘ ‘ The auditor in each county, on the day set for said sale shall attend at the court house and offer for sale the whole of each tract of land as contained in the list heretofore provided for, at public auction, to the highest bidder for an amount sufficient to pay the taxes, assessments, penalties, interest and costs which stand against it. He shall offer each tract separately, beginning with the first tract contained in the list. If no bid is received for any of said tracts in an amount sufficient to pay the taxes, assessments, penalties, interest and costs which stand against it, the auditor may offer such tract for sale forthwith, and sell it for the best price obtainable, irrespective of the amount of taxes, assessments, penalties, interest and costs due upon it. He shall continue through such list and may adjourn the sale from day to day until he has disposed of or offered for sale each tract of land specified in the notice. He may offer a tract of land two or more times at the same sale.”
Section 5754 requires that the form of notice of sale be in substance as follows:
“Forfeited Land Sales
“The lands, lots, and parts of lots, in the county of .............. forfeited to the state * * * and the dates on which said lands, lots, and parts of lots will be offered for sale, are contained and described in the following list, viz.:
‘ ‘ (Here insert list, together with the day on which *410 each parcel or groups of parcels will be offered for sale for the first time.)
“And notice is hereby given, to all concerned, that if the taxes, assessments, penalties, interest and costs charged on said list are not paid into the county treasury, and the treasurer’s receipt produced therefor, before the respective dates hereinabove mentioned for said sale, each tract, lot, and part of lot, so forfeited, on which the taxes, assessments, penalties, interest and costs remain unpaid, will be offered for sale on the respective dates hereinabove mentioned for said sale, at the court house in said county, in order to satisfy such taxes, assessments, penalties, interest and costs, and that said sale will be adjourned from day to day until each tract, lot, and part of lot specified in said list has been disposed of, or offered for sale.”
Section 5757 requires the county treasurer to hold the excess, if any, received at such sale over the amount of such taxes, assessments, etc., and to pay such excess to the “proper owner of the forfeited lands,” upon demand within six years from the date of sale.
Did the auditor effect a valid sale of these lots or did he fail to comply with the statutory requirements set forth above as to form of advertising and as to the manner of offering the lots, so that the sale was invalid?
Section 5750 does not define the “list” of forfeited lands which must be maintained by the county auditor. There is nothing, however, in that section to indicate that the list there mentioned is any other than the list for other purposes which the auditor is required to maintain.
The term, “list,” appears many times in other sections dealing with taxes and assessments.
Chapter 3 of Division II of Title X defines the duties of the county auditor.
*411 Section 2583, which appears in that chapter, provides :
“ On or before the first Monday of August annually, the county auditor shall compile and make up, in tabular form and alphabetical order, separate lists of the names of the several persons * * * in whose names real property has been listed * * * placing separately, in appropriate columns opposite each name, the description of each tract, lot or parcel of real estate, the value of each tract, lot or parcel and the value of the improvements thereon, if any * * *. The copies prepared by the county auditor shall constitute the auditor’s general tax list and treasurer’s general duplicate of real and public utility property for the current year. In making up such tax lists, the county auditor may place each town lot in its numerical order, and each separate parcel of land in each township according to the numerical order of the section. ’ ’
The term, “list,” appears in several sections in that chapter, and in each instance it appears to have the same meaning as it has in Section 2583. It is of particular interest to note the wording of Section 2601 which also appears in that chapter and which reads:
“During the month of August of each year, the auditor shall make and record, in a book provided for that purpose, a list of all lands and town lots returned by the treasurer delinquent at the preceding settlement, describing them as described on the tax duplicate, charging thereon the unpaid taxes for the year next preceding, together with the penalty thereon, and also the taxes of the current year. He shall certify the correctness of such list and the date at which it was recorded, and sign it officially.”
Another significant section to be considered in connection with the definition of the “lists” and the *412 manner of assessing property is Section 5568, which provides:
“When any person lays out a village, or city, or any addition thereto, or any subdivision of any lot or tract of land, before the plat thereof is recorded, he shall present it to the county auditor, who shall assess and return the true valuation of each lot or parcel of land described in such plat in like manner as new structures are valued. Thereupon such lots or parcels shall be entered on the tax list in lieu of the land included therein.”
From the foregoing it is manifest that in the records of both the county auditor and the county treasurer all town lots are required to be recorded separately and with each must appear the valuation assigned for taxation. When the taxes become delinquent, the list of delinquent lands and lots is made up in the same manner. Although there is no cross-reference from Section 5750 to Section 2601 or to the other sections appearing in the same chapter, the conclusion is inescapable that the list of forfeited lands required to be maintained by the county auditor under the terms of Section 5750 is such list as is required to be made and kept by the auditor under the terms of Section 2601, which list must in turn describe the lots as they are described on the tax duplicate.
Section 5751, which directs the publishing of notice of sale, requires that the notice state that “each tract so forfeited” on which the taxes, etc., remain delinquent will be offered.
Section 5754, which prescribes the form of notice of sale, requires the notice to refer to the delinquent land as “the lands, lots and parts-of lots,” and the notice requires the insertion of a “list.” This language clearly requires the same detailed statement of the lots as is required to be maintained under Section 5750.
*413 The notice of sale which was published in this instance and which is hereinabove quoted in full does not comply with the statutory requirements; that advertisement should be in the same detail as is the list required to be maintained under Section 5750.
We now consider the sale.
Section 5752 clearly requires the county auditor to “offer each tract separately, beginning with the first tract contained in the list.” Here again the list is the list required to be maintained under Section 5750, and where platted town lots are to be sold the words, “each tract,” must be construed as meaning “each lot.” Again the conclusion is inescapable that the county auditor did not comply with the statutory requirements in offering the lots for sale.
These conclusions are in harmony with the general principles announced in State, ex rel. Hecht, v. Zangerle, Aud., 148 Ohio St., 9, 72 N. E. (2d), 453, where this court held in two paragraphs of the syllabus:
“1. In the conduct of sales of land forfeited for taxes, the county auditor, as liquidating officer, acts in the capacity of a trustee for all the parties interested in the property, and as such trustee is bound to exercise all loyalties to the trust.
“2. The county auditor, as liquidator of forfeited lands to satisfy delinquent taxes, must strictly follow statutory requirements as to the conduct of such sales, but he may exercise a sound discretion, not inconsistent with the statutes, to accept at such sales only bids as are reasonably adequate and bear a reasonable relation to the value of the property sold. ’ ’
Although this court has not previously passed upon the specific question here involved, the question has been before the courts of last resort of several other states and the decisions of those courts have been almost uniformly in harmony with the conclusions here *414 in reached. Among the decisions so holding are the following:
Pettus v. Wallace, 29 Ark., 476; Belcher v. Harr, 94 Ark., 221, 126 S. W., 714; Sterling Realty Co. v. Relfe, 21 Cal. (2d), 164, 130 P. (2d), 410; Emerson v. Shannon, 23 Colo., 274, 47 P., 302; Page v. Gillett, 47 Colo., 289, 107 P., 290; Jordan v. Beeson, 225 Iowa, 460, 280 N. W., 625; North Real Estate Loan & Title Co. v. Billings Loan & Trust Co., 36 Mont., 356, 93 P., 40; City of Marlborough v. Poorvu, 305 Mass., 124, 25 N. E. (2d), 189; Hefner v. Cravens, 189 Okla., 558, 118 P. (2d), 652. See, also, Shruhan v. City of Revere, 298 Mass., 12, 9 N. E. (2d), 411, and Frazier v. Prince, 8 Okla., 253, 58 P., 751.
The facts of the instant case demonstrate the wisdom of requiring strict compliance with statutory requirements governing the sale of land for delinquent taxes. They also demonstrate the significance of the statement of this court in State, ex rel. Hecht, v. Zangerle, Aud., supra, that the auditor in making such sales acts in the capacity of trustee for all parties interested. The state is entitled to the duly assessed taxes and the sale should be so conducted as to produce, if possible, sufficient money to pay those taxes. On the other hand, the owner of the land is entitled to be protected against a sacrifice sale and he has the right to claim within a period of six years any amount received from the sale in excess of the taxes and other charges assessed against the property. If a group of lots, against which there are individual assessments of taxes, etc., which assessments are delinquent, are sold en masse, the sale price can not be allocated to the individual lots so as to enable the owner to redeem by payment of the amounts due on the individual lots. This right he has under the statutes until the state has actually passed title. It is obvious also that if the sale produces an excess of money such excess can not be al *415 located to the individual lots. If offered separately, the less valuable lots might not sell at all, and the more valuable lots might sell at prices which would enable the owner to successfully claim a part of the proceeds for such lots, pursuant to Section 5757, General Code. By grouping the lots for sale, as was done in the instant case, the total sale price may be more or less than would result from offering the lots individually. If less, the state may suffer by not procuring payment in full of the. delinquencies. In the instant case, the total sale price was less than the total taxes and it is reasonable to assume that offering the lots individually would have produced a greater total. This is indicated by the fact that although 38 lots were sold for $500 at the tax sale, soon after the sale was effected the purchaser sold a single lot (No. 65) for $300.
Furthermore, an individual lot or parcel of land can not be made liable for the taxes, assessments, etc., levied against another parcel or lot. If lots are sold en masse and the total sale price is applied to the satisfaction of all the delinquencies, the result may well be that the more valuable lots are in fact responsible for the total price obtained, but the delinquencies existing with respect to the less valuable lots are thus removed from the tax records. This would result in the taxes and assessments standing against the less valuable lots being paid out of monies in fact received for the more valuable lots. Such would be an unjustified and illegal result.
We conclude that the statutes here under consideration which require publication of notice of sale and prescribe the form of that notice are mandatory in that they require listing in such notice of the individual “lands, lots, and parts of lots” in the form that the list is required to be maintained by the county auditor under the provisions of Section 5750.
*416 We conclude further that the language contained in Section 5752, relating to the sale and which requires that the auditor “shall offer each tract separately, beginning with the first tract contained in the list, ’ ’ is mandatory and requires that each tract be offered for sale separately. As there used “tract” has the same meaning as “each tract, lot or part of lot.”
For these reasons we hold that the sale by the county auditor of the 38 lots here involved may be challenged by the owner of the forfeited land if he does so in accordance with law. This sale should be set aside and the deed from the county auditor to Marian H. Myers should be cancelled. The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Stewart, Taft, Matthias and Hart, JJ., concur.