P. B. MAXSON v. PRUDENCE HUSTON, *et al.*

TAX DEED, *When Void.* A tax deed regular on its face, containing a per-
fect description of the land conveyed, and of record the time prescribed
by the statute of limitations, is protected by said statute from impeach-
ment by evidence that the description of the land on the assessment roll
and in the sale certificate is fatally defective.

*Error from Lyon District Court.*

P. B. MAXSON commenced an action against *James S. De-
mara*, to quiet title to eighty acres of land in Lyon county,
which plaintiff alleged that he was in possession of, and
owned through ·certain tax deeds. The present defendants,
*Prudence Huston* and eleven others, came into the case on
their own application, being the heirs of Maxfield Huston,
the grantee of the land in question from said *Demara*, ·who
was the patentee thereof from the United States. The de-
fendants filed an answer, and also a cross-petition, in which
they alleged that the plaintiff was in possession of the land
in dispute, and that he derived his title thereto through· two
certain tax deeds, which they alleged are void for various
reasons, and asked that these deeds be canceled, and declared
a cloud upon their title, etc. At the September Term, 1878;
a trial ·by the court was had, and findings of fact and conclu-
sions of law were made, and a decree was rendered as prayed ·
for by the defendants. The court held the first tax deed
void, upon evidence tending to show that only forty acres
were assessed and sold, instead of the eighty acres described
in the deed; and it held the second deed void upon the
ground that the description of the land sold, as contained in
the certificate of sale, was so vague and indefinite that it did
not disclose the sale of any land, and that hence a valid deed
could not be predicated thereon. The court further held,
that the statute of limitations has no application to this case;
also, that the plaintiff is not entitled to receive back the
money paid upon the deeds, or the subsequent taxes paid

thereunder. Judgment for defendants, and against *Maxson*, who brings the case here for review.

*Sterry & Sedgwick*, for plaintiff in error.

*W. T. McCarty*, and *Gillett & Forde*, for defendants in error.

The opinion of the court was delivered by

·BREWER, J.: The question in this case is, whether a tax deed, regular on its face and of record for more than two years, can be avoided by proof of the fact that the description of the land conveyed, which is full and correct in the deed, is fatally defective both on the assessment roll and in the sale certificate. The description in the case at bar, on the roll and in the certificate, was simply eighty acres in S. E. ¼ of section 11, township 18, range 11; in the deed the metes and bounds of the tracts were added. The contention of counsel is that the limitation law by its terms applies only in case of "lands *sold* for taxes;" that here the description was so defective as to render the proceedings void; that there was therefore no sale; that without a sale there can be no deed, and that a deed executed without any sale is void, and never starts the statute. The cases of *McNamara v. Estes*, 22 Iowa, 246, and *Case v. Albee*, 28 Iowa, 279, are cited, in which it was held that where there had been no sale, the fact could be shown to avoid the deed, although the bar of the statute had apparently attached. Still we cannot concur with counsel. And it may be remarked in passing that in both the cases cited, the offer was to show that there had been *no* sale, and the supreme court in commenting on this says that it understands from the offer, not that the sale was irregular or the proceedings defective, but that in fact as well as in law, there had been *no sale*. But the case at bar is different. There was in fact, though not in law, a sale. It is not contended that the land was not taxable, or that the taxes had been paid, nor can it be disputed that the taxing officers attempted to sell the land. Conceding all that may be claimed as to the effect of the description upon the legality of the

sale, and still the fact remains that every step was taken and every act done by the various taxing officers, at the same time and in the same manner that they would have been taken and done to make a legal and binding sale. The defect may vitiate the proceedings, but still proceedings were had, and the case is essentially different from that of one where no proceedings were had and no attempt made to sell. If the proceedings must be so regular as to make a valid sale before the statute of limitations will start to run upon a tax deed good upon its face, then the statute has but little virtue in these cases as a statute of repose, for upon a valid sale a valid deed can be compelled, and the statute will rarely be invoked except in cases where it is not needed.

It is unnecessary to restate the argument in favor of the statute in tax cases, or the various possible exceptions to its application. This has been fully done in the cases of *Bowman v. Cockrill*, 6 Kas. 311, and *Tuylor v. Miles*, 5 Kas. 498. What we have said in this opinion is in reference to the second tax deed offered in evidence. That being good upon its face, and of record more than nine years before suit, is protected by the statute, and we need not inquire as to the validity of the first deed.

The judgment of the court will be reversed, and the case remanded for further proceedings in accordance with the views herein expressed.

VALENTINE, J., concurring.

HORTON, C. J., dissenting.