## TURMAN et al. v. INGRAM.

No. 10266—Opinion Filed Oct. 18, 1921.

(Syllabus.)

1. **Taxation—Validity of Tax Deed—Statutory Notice to Taxpayers.**

The provision of the act of the Legislature approved March 22, 1911 (Sess. Laws 1910-11, p. 263), declaring that it shall be the duty of the county treasurer, on or before November 1st, to notify by mail, postage prepaid, each taxpayer whose name appears on his record of the amount of his taxes, and when the same will become due and delinquent, is mandatory, and while the failure to give such notice nullifies the sale of the taxpayer's land for taxes and penalty, a deed issued on such sale is not void on its face where the deed recites, "and it appearing that said lands were legally liable for taxation, and had been duly assessed and properly charged on tax books or duplicate for the year 1911, and that said lands had been legally advertised for sale for said taxes."

2. **Same—Place of Tax Sale—Recitals in Deed—Burden of Proof.**

Where a statute requires that under a delinquent tax sale the land shall be offered for sale at the office of the county treasurer, a deed executed by the treasurer to the purchaser reciting, "the tracts, parcels of lots of land in this indenture hereinafter described, were severally offered for sale at public auction at said office of said county treasurer at the front door of the court house in said county, for the taxes levied thereon respectively, for the year 1911," is not void on its face. One attacking the validity of the deed on the ground that the recital in the deed, "at said office of said county treasurer," is followed by, "at the front door of the court house in said county," is required to show, as a matter of fact, the treasurer's office was not at the front door of the court house.

3. **Same—Different Tracts in Same Deed—Necessary Recital as to Separate Sales.**

While a number of lots or parcels of land sold for taxes to the same individual may be included in one tax deed, the deed must, on its face, show affirmatively that the different lots or parcels of land were sold separately and also the amount for which each lot or parcel of land was sold.

Error from District Court, Seminole County; J. W. Bolen, Judge.

Action for possession of land by Mark Ingram against Thomas and Rhoda Turman. Judgment for plaintiff, and defendants bring error. Affirmed.

Willmott & Roberts, for plaintiffs in error.

Hatchett & Ferguson, for defendant in error.

PITCHFORD, J. Mark Ingram, the defendant in error, plaintiff below, filed this action in the district court of Seminole county, Oklahoma, on the 16th day of March, 1910, against Thomas and Rhoda Turman, as defendants, for the possession of lot four (4) and five (5), and the west 7.16 acres of lot one (1), section twenty-nine (29), township nine (9) north, range eight (8) east, located in said county. Plaintiff and defendants deraigned title from the allottee, Toby Bartlett, a Creek freedman; the plaintiff claiming under a deed executed by the allottee, under date of April 22, 1904; the defendants, under a deed from the allottee, dated June 13, 1906. The parties will hereafter be referred to, respectively, as they appeared in the lower court.

Defendants' answer contained the allegation that plaintiff secured no rights by reason of the deed from the allottee, for the reason that, on the 22d day of April, 1904, the allottee was a minor. The answer also contained a general denial. Upon the trial of the cause, on the 8th day of April, 1912, judgment was rendered in favor of the plaintiff, from which an appeal was taken to this court. On July 13, 1915, this court rendered an opinion reversing the judgment of the trial court for failure to file a brief on the part of the plaintiff, and remanded the cause for new trial. 50 Okla. 47, 150 Pac. 684. On the 19th day of November, 1917, after the mandate of this court had been spread of record in the lower court, the cause again came on for trial. No additional pleadings were filed, except an amendment by the plaintiff demanding judgment for the rents up to the time of trial, and also reply by plaintiff to the defendants' answer. The defendants were permitted to introduce without objection, and read to the jury, a deed executed by the county treasurer of Seminole county, showing that the lands involved were offered for sale on the 16th day of November, 1912, for delinquent taxes for the year 1911. This deed was dated the 1st day of August, 1916, and executed by Frank R. Noe, as treasurer of said county, to R. D Brown. There was also introduced and read to the jury, without objection, a deed from R. D. Brown to Thomas Turman, covering the lands involved, dated July 31, 1917,

Further on in the trial, the reason therefor not appearing, the defendants again offered to introduce the deeds above mentioned, to which plaintiff objected, as incompetent, irrelevant, and immaterial. The court sustained the objection and refused to allow the deeds introduced, on the ground that the deed of the treasurer to Brown failed to recite notice as required by law. The cause was then submitted to the jury upon the

sole question as to whether or not the allottee was a minor on the date of the execution of the deed under which the plaintiff claims title. The verdict was in favor of plaintiff and judgment rendered in conformity with the verdict, from which the defendants prosecuted this appeal.

The controlling question for our consideration is whether or not the treasurer's deed issued to Brown is void upon its face; the contention of the plaintiff being that the deed is void for several reasons: First, that the land was sold en masse for a lump sum; second, that separate certificates were not issued for each of the separate tracts contained in the deed; third, that the deed failed to show that notice of the amount of taxes due was given as required under the provisions of the act of the Legislature approved March 22, 1911 (Sess. Laws 1910-11. p. 263).

The deed executed by the treasurer to Brown contains the following recital:

"Whereas, R. D. Brown, on the first day of August. A. D. 1916, did produce to the undersigned. Frank R. Noe, treasurer of the county of Seminole, state of Oklahoma, certain certificates of purchase in writing, bearing the date of the 6th day of November, 1912, signed by Mace Herndon, who at the last mentioned date was treasurer of said county. from which it appears that on said 6th day of November. 1912, the tracts. parcel of lots of land in this indenture hereinafter described. were severally offered. for sale at public auction at the office of said county treasurer at the front door of the court house in said county. for the taxes levied thereon. respectively. for the year 1911. and there being no bidder for either of said tracts or parcels of land offering the amount due thereon. the same were by said county treasurer severally bid off in the name of said county. for the sums. respectively. hereinafter set forth. the said sums being the amount of taxes. penalties. interest and costs severally due and unpaid on said respective tracts or parcels of land returned delinquent for nonpayment of taxes. costs and charges for the year of 1911, to wit:

"The west 7.16 acres of lot one (1) and lots four (4) and five (5). of section twenty-nine (29). township nine (9), range eight (8) east, for $55.99.

"All in the county of Seminole. state of Oklahoma, and that thereafter to wit: On the 7th day of November, 1912, one R. G. Davenport. did pay to said county treasurer the full amount of taxes, penalty, interest and costs of sale and transfer up to the date of said payment due on said several parcels of land, and that thereupon the said treasurer did assign and deliver to said purchaser, R. G. Davenport, the said several certificates of purchase held by said county for said real estate; and it further appearing from assignments endorsed on said certificates that said R. G. Davenport did thereafter, for a good and valuable consideration, sell, assign and transfer and set over to said R. D. Brown all his right, title and interest in and to said certificates, and all rights thereunder which said assignments were duly acknowledged before Ruth Kile, a notary public, in and for Jackson county, Missouri; and it further appearing that said R. D. Brown is the legal owner of said certificates of purchase and the time fixed by law for redeeming the land therein described having now expired, and the same not having been redeemed as provided by law, and the said R. D. Brown having demanded a deed for the several tracts of land mentioned in said certificates. and it appearing that said lands were legally liable for taxation, and had been duly assessed and properly charged on tax books or duplicate for the year 1911, and that said lands had been legally advertised for sale for said taxes, and were sold on the 6th day of November, 1912."

The act of the Legislature of March 22nd. supra, provides: That all delinquent taxes shall, as a penalty. bear interest at the rate of 18 per centum per annum; but, in order for this penalty to attach. it was made the duty of the county treasurer, on or before November 1st, to notify by mail each taxpayer whose name appeared on his record of the amount of his taxes and when the same would become due and delinquent. This act was amended by an act of the Legislature. approved February 15. 1915. Sess. Laws 1915. p. 36, providing that no demand for taxes should thereafter be necessary.

It was made mandatory on the part of the county treasurer to give the notice as prescribed. and before any holder of a certificate of purchase issued at any tax sale would be entitled to a deed. it was necessary for him to cause a written notice signed by himself to be served upon the owner of the land in the county wherein the sale took place. and also upon the person in possession of the land. The trial court was of the opinion that. in order to give validity to the deed the same should contain a recital that this notice was given. By reference to the form of the deed prescribed by section 7418. Rev. Laws 1910, and which has been substantially followed by the deed from the treasurer to Brown, the only requirement as to notice seems to be contained in this quotation: "And it appearing that said lands were legally liable for taxation, and had been duly assessed and properly charged on the tax book or duplicate for the year———. and that said lands had been legally advertised for sale for said taxes."

In Dawson v. Anderson, 38 Okla. 167, 132 Pac. 666, the second paragraph of the syllabus is as follows:

"(2) Although a tax deed be regular and formal, and therefore prima facie evidence of the regularity of all prior proceedings, including the publication of notice of sale, yet, when the return of the sheriff as to service on the owner and the person in possession shows an insufficient service, it will be presumed, in the absence of other testimony, that the service was made only as shown in such return, and the prima facie evidence furnished by the deed is overthrown." .

In State ex rel. Oklahoma City Times Co. v. Baker, County Treasurer, et al., 43 Okla. 646, 143 Pac. 668, it is said in the body of the opinion:

"While the failure to give to such owners notice by mail, as provided by section 2, c. 120, of the Sess. Laws 1911, would defeat the right to collect any penalty thereon prior to sale, yet the taxes are due and delinquent for nonpayment, and the property may be lawfully advertised and sold for the amount of the taxes alone; and it is not to be presumed that the treasurer will give notice, or attempt to sell such property for an amount in excess of the taxes levied, exclusive of the penalty."

In Clark v. Duncanson, 79 Okla. 180, 192 Pac. 806, the first paragraph of the syllabus is as follows:

"The provisions of the act of the Legislature approved March 22, 1911 (Sess. Laws 1910-11, p. 263), declaring that it shall be the duty of the county treasurer on or before November 1st, to notify by mail, postage prepaid, each taxpayer whose name appears on his record of the amount of his taxes, and when the same will become due and delinquent, is mandatory, and the absence of such notice nullifies the sale of the taxpayer's land for taxes and penalty."

We quote from the body of the opinion, page 181, as follows:

"The sale of a tract of land for a legal tax, plus an illegal penalty, is no foundation for a tax deed, and upon a showing of such facts a tax deed issued on such sale will be canceled and set aside. * * * Defendant claims the tax deed is void on its face, but we pass over that question without discussion or decision, and for the purpose of this case we assume, without deciding, that it is not void on its face."

In Williams v. McGill et al., 69 Oklahoma, 169 Pac. 1074, the plaintiff asserted ownership to the land by virtue of a tax deed issued to him by the treasurer of Logan county, on February 17, 1915, upon a certificate of purchase issued to the county upon a sale for delinquent taxes on the property for the

years 1911, 1912, and 1913, and assigned to the plaintiff. The defendant interposed a demurrer to the petition, which was overruled, and then answered, denying the ownership of the plaintiff, although he admitted the issuance of the tax deed to him, but alleged that no written notice had been given him, as owner, of the amount of the taxes prior to claiming the same delinquent, as provided by law, and that the penalties attached for delinquent taxes for one or more years, for which the property was sold, were included in the amount of the taxes, and that therefore the sale was unauthorized, and the deed was void. The court found that no notice had been given the owner.

From the foregoing authorities, we are of the opinion that the treasurer's deed to Brown is not void upon its face, on the ground that the same fails to recite notice. The failure to give the notice is a matter of defense.

It is further contended by plaintiff that the deed is void on its face, for the reason the same recites that the sale was at the court house door. If nothing further appeared qualifying this recital, then the deed would be void on its face, as section 7398, Rev. Laws 1910, requires the sale to be at the office of the county treasurer.

In Hill v. Turnverein Germania of Oklahoma City et al., 77 Okla. 242, 187 Pac. 920, the second paragraph of the syllabus is as follows:

"(2) Where the statute requires that under a delinquent tax sale the land shall be offered for sale at the offfice of the county treasurer, and same was offered for sale at the front door of the court house, there has not been a substantial compliance with the statute, and such sale is void." See Davenport v. Wolff, 59 Okla. 92, 158 Pac. 382.

But we find the deed in the instant case executed by the treasurer to Brown contains this recital: "The tracts, parcel of lots of land in this indenture hereinafter described, were severally offered for sale at public auction at the office of said county treasurer at the front door of the court house in said county." The writer of this opinion personally knows that the county treasurer's office in some of the counties in Oklahoma, as a matter of fact, is at the front door of the court house; and when the deed recites, "at the office of said county treasurer, at the front door of the court house in said county," that is within itself sufficient to imply, at least, that the treasurer's office was "at the front door of the court house," and the burden would be cast upon one attacking the deed to show that the treasurer's office

was, as a matter of fact, not at the front door of the court house.

While so holding, however, on these points, we are confronted with a more serious question as to the validity of the deed, and this appears upon the face of the deed. Three separate and distinct parcels of land were sold; while each parcel sold separately, and three separate certificates were issued, each showing the amount for which the respective lots or parcels were sold, it was necessary for the deed executed by the treasurer to Brown to show upon its face the amount for which each tract or parcel of land which it purports to convey was sold for; and where the deed fails to show upon its face these facts, the deed is for that reason void.

In Eldridge v. Robertson et al., 19 Okla. 165, 92 Pac. 156, the syllabus is as follows:

"(1) A tax deed which does not show upon its face the amount for which the tract or parcel of land which it purports to convey was sold is for that reason void.

"(2) While a number of lots sold for taxes to the same individual may be included in one tax deed, the deed must, on its face, show affirmatively that the different lots were sold separately, and also the amount for which each lot was sold."

In Lowenstein v. Sexton, 18 Okla. 322, 90 Pac. 410, the court, after setting out a copy of the deed in so far as necessary to determine the point involved, used the following language:

"The deed conveyed six (6) separate parcels of land which were not contiguous, and recited that they were sold to plaintiff, Lowenstein, for the sum of $133.78, on the 3rd day of September, 1894, at the office of the county treasurer.

"The lot in question was sold for $43.63, which fact is not recited in the deed, but is shown by evidence produced upon the trial. It is urged that it was necessary to the validity of the deed to this lot that the amount for which it was sold should have been recited therein. The statute governing the execution of tax deeds (section 5657, St. 1893) provides that the tax deed shall be substantially in the form which is set forth in that section, and which form provides that the sum for which the property was sold should be set out. It was not substantially in that form if it failed to set out the amount for which the property was sold. The tax deed under consideration does not do this, but does set out the total sum for which the six several tracts described in the deed were sold.

"The language of the statute is mandatory in its terms and tenor, and has not been complied with in this respect, so far as the

lot in question is concerned as shown by the face of the deed." To the same effect, see Blanchard v. Reed, 67 Oklahoma, 168 Pac. 664.

While the trial court was in error in sustaining the objection to the introduction of the deed on the ground that the same failed to recite notice, the defendants could not be injured by the ruling of the court when it appears that the deed for other reasons was void upon its face.

We have carefully examined the record. and we fail to see wherein the defendants have been, in any manner, injured by the action of the trial court in interrogating the defendant Thomas Turman on the question as to whether or not he had received any notice from the county treasurer or any notice from Brown, prior to the sale of the property for taxes or the execution of the deed to Brown.

The judgment of the trial court is, therefore, affirmed.

HARRISON, C. J., and McNEILL, ELTING, and NICHOLSON. JJ., concur.