## CARL et al. v. STITH.

No. 20443.    Opinion Filed Nov. 3, 1931.

John C. Graves, for plaintiffs in error.

W. R. Banker, for defendant in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Muskogee county in favor of the defendant in error, plaintiff in the trial court, against the plaintiffs in error, defendants in the trial court. The parties hereinafter will be referred to as plaintiff and defendants.

The plaintiff, in her amended petition, on which the cause was tried, alleged title to certain real estate in her through certain tax deeds. The prayer was for possession of the real estate and the quieting of the title thereto in her. The defendants filed a general denial and a cross-petition in which they alleged that the tax deeds relied upon by the plaintiff were void. They prayed for cancellation of the tax deeds and quieting the title in the defendants. The cause was tried to the court without a jury. At the conclusion of the evidence of the plaintiff, the defendants demurred thereto. That demurrer was overruled by the court. The defendants elected to present no evidence, and the trial court rendered judgment for the plaintiff. From that judgment an appeal was taken to this court.

The defendants' first contention is:

"That neither of the tax deeds under which defendant in error claims title to the land affirmatively shows or recites that the tax sale certificates were produced to the county treasurer by the applicant for the tax deed."

In support thereof they say that, under the provisions of section 9749, C. O. S. 1921, as a condition precedent to the procuring of a tax deed, the holder of a tax sale certificate "shall cause written notice signed by himself to be served upon the owner of the land if he is within the state." We recognize that rule. But there is no provision requiring a tax deed to show or recite the performance thereof. The performance thereof must be shown by evidence. The performance thereof was shown herein by the introduction in evidence of the written notices and the returns of the sheriff showing service thereof.

The second contention of the defendants is:

"That neither of said tax deeds under which defendant in error claims title recites that written notice signed by the owner himself was served upon the owner of the land or upon the person in possession of said land nor does either of the deeds recite occupancy or nonoccupancy of the real estate in question."

Section 9752, C. O. S. 1921, provides a form for a tax deed and requires that a tax deed shall be substantially in that form. The tax deeds shown by this record are not only substantially in the form required, but are in that identical form, and contain all of the recitals required to be made therein. The tax deeds show upon their face that the plaintiff was the owner of the tax sale certificates and that notice was duly served upon the owners of the land and the party in possession. These notices were signed by the plaintiff and served upon the owners of the land and upon the party in possession by the sheriff as other process is required to be served. The notices, with the returns of the sheriff thereon, were introduced in evidence by the plaintiff as part of her case. This met all of the requirements as to notice and the recital of same.

The third contention of the defendants is:

"That nowhere in the record of this case is there any proof of the production of the tax sale certificates to the county treasurer by the applicant for the tax deed."

This is an attack upon the sufficiency of the evidence. The tax deeds were introduced in evidence, and they recite that the tax sale certificates were produced to the county treasurer when the tax deeds were applied for. No additional proof was required as against a demurrer to the evidence.

The defendants rely upon Felt v. Schaub, 134 Okla. 193, 272 P. 830, in support of all of their contentions. In that case this court held:

"A tax deed which fails to disclose that the tax sales certificate or certificates were produced to the county treasurer by the holder of the certificate at the time of the execution of the deed, is void on its face. Also, where a tax deed which recites that the land 'was lawfully assessed,' but fails to recite that the land was legally liable for taxation and properly charged on the tax books or duplicates for the year for which the land was sold for taxes, is likewise void on its face."

The deeds received in evidence contained all of those recitals, and that decision does not apply to the facts in this case.

The court found for the plaintiff, and there was no error therein. That judgment is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, McNEILL, and KORNEGAY JJ., concur. HEFNER, J., absent.

Note.—See under (1), (2) annotation in 30 A. L. R. 8, 26 R. C. L. 422- 424.