**DENEEN et al. v. GILLESPIE.**

No. 25848. March 9, 1937.

Rehearing Denied June 22, 1937.

Jesse A. Harp, for plaintiffs in error.

Dyke Ballinger and Bryce Ballinger, for defendant in error.

BUSBY, J. This is an action in ejectment to recover possession of and quiet title to certain platted property situated in the city of Miami, Ottawa county, Okla. It was instituted in the district court of Ottawa county by J. W. Gillespie against Nola Deneen and Walter Jones. Plaintiff relied upon a resale tax deed, regular on its face, a copy of which was attached to his petition.

Defendants asserted in their answer:

"That the said lot described in the petition was not a vacant town lot and that the plaintiff did not pay all taxes, together with penalties, interest, and costs due upon said lot at the time of the pretended sale; nor at any other time."

The answer was not verified. The trial court sustained a demurrer thereto. The defendants appeal. Our continued reference to the parties will be by their trial court designations.

Did the answer, the truth thereof being admitted by the demurrer, state a defense? We think it did. Plaintiff, under proposition 1, argues that the deed being regular on its face, the answer was not sufficient, not containing a general denial, and was not verified and the legal effect must of necessity follow.

In his proposition 2, plaintiff argues that no defense was stated for the reason that no tender of the amount of taxes, interest, costs, and penalties in said answer was made to the plaintiff.

In proposition 3, the plaintiff argues the statute of limitations applicable to resale tax deeds constitutes a complete bar to the defendants.

We cannot agree that the authorities cited by the plaintiff sustain his contention.

It is conceded by defendants that the resale tax deed was regular on its face and the execution of same admitted. The answer did not challenge the execution of the tax deed but challenged the authority of the county treasurer to execute same.

In Swan v. Kuehner, 157 Okla. 37, 10 P. (2d) 707, we said:

"There is a material distinction between a resale tax deed issued by one with authority to sell the land at a resale and to issue the deed and a resale tax deed issued by one without authority to sell the land at a resale and to issue the deed."

And that:

"The statute of limitations with reference to resale tax deeds relates to resale tax deeds issued by one with authority to sell the land at a resale and to issue a deed. They do not relate to resale tax deeds issued by one who did not have authority to sell the land at a resale and to issue a deed. Unless a resale tax deed was executed by one with authority to sell the land at a resale and to issue a deed, it is in legal effect a mere scrap of paper and it is not a resale tax deed, although so denominated therein and although it has the general appearance thereof."

344

In Pimm v. Waldron, 118 Okla. 5, 244 P. 37, it was decided that:

"Where a county treasurer attempts to conduct a resale of real property under section 5, c. 158, Session Laws 1923, amending section 9745, Comp. St. 1921, and executes a deed therefor to the purchaser and the price paid by such purchaser is less than the amount of the taxes, penalties, interest, and costs due on each tract, said tract so attempted to be sold and conveyed not being vacant lots located in any city or town, such treasurer's deed is void and conveys no title, interest, or estate to the purchaser to such lands."

Was it necessary that defendants' answer should be verified? We think not.

Our holding in Flesher v. Callahan et al., 32 Okla. 283, 122 P. 489, was that:

"The statutes provide that allegations of the execution of written instruments and indorsements thereon shall be taken as true unless a denial thereof be verified by affidavit, requires the verification of denial of the execution of the instrument only and not of the authority of the person by whom it was executed."

To the same effect, Hilsmeyer v. Blake, 34 Okla. 477, 125 P. 1129.

The next question relates to tender. Section 12761, O. S. 1931, makes a tender into open court for the benefit of the holder of the deed of all taxes, penalties and interest essential to redemption, a condition to the presentation of a defense to the tax deed. The defendant in this case has not made the required tender. His defense should be dismissed unless he complies with the statute. Upon dismissal of the defense, judgment should be entered for the plaintiff, since his petition states a cause of action and the tax deed, a copy of which is attached thereto, is regular on its face.

This cause is accordingly reversed and remanded, with directions to give the defendant a reasonable time to comply with the tender statute and otherwise proceed in a manner not inconsistent with the views hereby expressed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, CORN, GIBSON, and HURST, JJ., concur. RILEY and PHELPS, JJ., absent.