WESTERHEIDE et al. v. WILCOX et al.

No. 28148. March 31, 1942.

*124 P. 2d 409.*

Sands & Campbell, of Pawhuska, and Twyford & Smith, of Oklahoma City, for plaintiffs in error.

D. B. Horsley and Elmer J. Black, both of Pawhuska, for defendants in error.

RILEY, J. This is an action in ejectment and to quiet title as against two tax deeds.

The parties are in the same relation here as in the trial court and are herein referred to as plaintiffs and defendants as they appeared below.

The tax deeds are assailed upon the grounds that the land described in the deeds was not properly listed on the tax rolls for the years for which it was sold; that the taxes were not delinquent for those years; that the sales were not properly advertised and that no notice of intention to apply for a deed was served upon the owners of the land.

Defendants denied the allegations with respect to above matters and in addition plead the statute of limitations; for failure of plaintiff to tender taxes, penalties, etc.; then pleaded champerty under sections 1939, 1940, O. S. 1931, 21 Okla. St. Ann. § 548.

The trial court did not order tender, but proceeded to try the case on its merits as to the validity of said tax deeds, and made general findings of facts and entered judgment for defendants.

The deeds here mentioned are both based upon tax sale certificates. They are for the same land, but the certificates are based on sales for delinquent taxes for different years. The first deed was issued to the Hominy National Bank, under date of September 26, 1930, based upon tax sale certificate issued in November, 1926, for delinquent taxes for the year 1925, and was filed for record December 10, 1930.

The other deed was issued to Maude Q. Black, dated October 5, 1933, based upon tax sale certificate issued at the November, 1928, sale for delinquent taxes for the year 1927.

The defendant First State Bank of Fairfax is successor to Hominy National Bank and has filed a disclaimer.

Plaintiffs contend that both deeds are void on the face thereof, and assert error of the trial court in not canceling same as clouds on their title.

Defendants claim their said deeds are valid on their face and that the statute of limitations (sec. 12763, O. S. 1931) bars plaintiffs' action.

The ground relied upon by plaintiffs as rendering the Black deed void on its face is that it discloses a sale of more than one tract of land for a single consideration, thus reflecting an unauthorized and invalid assessment of the lands under sections 12616 and 12628, O. S. 1931.

The deed to the Hominy National Bank is assailed upon the same ground together with other grounds hereinafter mentioned.

As to the Black deed, defendants contend that it conveys but one tract of land, and in all other respects is regular and valid on its face and cannot be attacked after the expiration of one year from date of its recordation.

The land as described in the deed is: S.½ N.W.¼; W.½ S.E.¼; S.W.¼, sec. 2, twp. 22 N., R. 9 E., 320 acres, Osage County, Oklahoma. Section 12616, O. S. 1931, provides, in substance, that all taxable lands in each township shall be listed in numerical order beginning with the lowest number section in the lowest number township in the lowest number range and ending in the highest number section, township, and range, with the number of acres in each tract

set opposite the same in one column and the assessed value thereof in another column.

Plaintiffs contend that the land conveyed as described in the deed constitutes three separate tracts within the meaning of the assessment statute, supra, and since the deed shows that they were all sold for a single aggregate sum, without setting forth the amount of taxes against each tract separately, the deed is void on its face. It was stipulated that the land was assessed as described in the deed under a single valuation.

We cannot agree with plaintiffs in this contention.

The land as described consists of 160 acres in the S.W.¼ of sec. 2; 80 acres in the S.½ of the N.W.¼ of sec. 2, lying immediately north of the S.W.¼, and 80 acres in the W.½ of the S.E.¼ of said sec. 2, immediately east of the 160 acres. It is all in one body in the same section, undivided by any highway or section line. The statute in force at the time the land was assessed and sold did not require that rural lands be assessed separately by any particular subdivision. This was first required by section 5, chap. 115, S. L. 1933.

In the instant case there is nothing in the deed to indicate that the land therein described is not one separate compact tract of land.

Furthermore, the law in force at the time the land was assessed, section 9666, C. O. S. 1921, in substance required each taxpayer to meet the tax assessor at the time and places set forth, and list property for taxation. By other provisions, real property was to be listed and valued biennially. The presumption is that the owner of said land complied with said law and listed and had valued the land here involved as one tract.

Under said statutes, lands lying in a contiguous body, all in the same section, owned by one person or two or more persons in common, for the purpose of taxation and sale, could have been, as the law then existed, listed, valued, assessed, taxed, and sold for delinquent taxes as a single tract.

Turman v. Ingram, 83 Okla. 198, 202 P. 993, and Dixon v. Bowlegs, 93 Okla. 47, 219 P. 665, are cases cited and relied upon by plaintiffs. The deed involved in Turman v. Ingram, supra, showed upon its face that three separate certificates were issued for the three parcels of land involved, each certificate showing the amount for which the respective lots or parcels were sold. The tracts were listed separately, sold separately, and a separate certificate was issued covering each tract.

In Dixon v. Bowlegs, supra, it appears from the opinion that the evidence showed that the land in question was assessed as two separate tracts. The deed recited a single consideration. The facts clearly distinguished those cases from the instant case. We, therefore, hold that the deed in question is not void on its face as disclosing a sale of more than one tract for a single sum due for taxes on the whole.

Plaintiffs also contend that though the Black deed be not void on its face, it is nevertheless void for her failure to serve notice on the owners of the land of intention to apply for a deed as required by section 12759, O. S. 1931.

It appears from the record that no notice directed to Louie Henderson, as owner of the land, of intention to apply for a tax deed was issued or served upon Henderson, who was then the record owner, unless the then record owner was the Hominy National Bank or its grantee. There was some evidence, however, that notice directed to the Hominy National Bank, as the record owner and person in possession, was served upon Louie Henderson and Martha W. Henderson on June 18, 1933, 108 days prior to the issuance of the Black deed.

This notice and proof of service thereof were not shown to have been filed with the county treasurer. An entirely different notice directed to the Hominy National Bank, J. A. Presbury, former president and liquidating agent, and to the First State Bank at Fairfax, and

J. A. Presbury and J. H. Conner as record owner, was shown to have been served on them on July 24, 1933, and Mort Wilcox acknowledged receipt of copy of said notice on July 25, 1933.

This requires consideration of whether the tax deed to the Hominy National Bank was void. If void, notice to said bank was insufficient notice to the record owners of said land. Cunningham v. Webber, 171 Okla. 211, 42 P. 2d 244.

But we need not consider that question if we are to follow Price v. Mahoney, 175 Okla. 355, 53 P. 2d 257, since it does not appear that the Black deed is void upon its face. In Price v. Mahoney, supra, it is held:

"The issuance of a tax deed fair on its face and based on proper jurisdictional prerequisites cuts off the right of redemption. The recording of a tax deed fair, —not void,— on its face sets in motion the statute of limitations, and when the statutory period of time has elapsed it cannot be attacked, though not based on proper jurisdictional prerequisites. The issuance of a tax deed void on its face does not cut off the right of redemption, and the recording of such a deed does not start in motion the statute of limitations."

The holding reflected in the second sentence of the above quotation is directly in conflict with our former decisions. It cannot be the law as applied to cases where the land was not subject to taxation, or where the taxes were paid, or where the assessment was illegal.

We have repeatedly held that service or written notice upon the owner of intention to apply for a tax deed is an essential and necessary prerequisite to the issuance of a valid tax deed, and that failure to give such notice renders the deed void.

In a number of cases before Price v. Mahoney, supra, we have held that a tax deed issued without service of such notice is void and subject to attack after the expiration of the one-year limitation period. Henderson v. Langley, 173 Okla. 550, 49 P. 2d 167; Carl v. Stith, 153 Okla. 16, 4 P. 2d 738; Hutchins v.

Richardson, 100 Okla. 80, 227 P. 432; Union Savings Ass'n v. Cummins, 78 Okla. 265, 190 P. 869; Warrior v. Stith, 174 Okla. 150, 50 P. 2d 179 (notice to prior tax certificate holder); Cunningham v. Webber, supra; and Bowen v. Thompson, 120 Okla. 5, 249 P. 1109.

In McAfee v. Harden, 180 Okla. 546, 71 P. 2d 463, the judgment of the trial court held a tax deed void because no notice of application for tax deed was served upon the owner of the land, and with reference to the statute of limitation, we there stated:

"Under the rule announced in Lind v. Stubblefield, 138 Okla. 280, 282 P. 365; Farmers National Bank v. Gillis, 155 Okla. 290, 9 P. 2d 47; Baker v. Rogers, 148 Okla. 279, 1 P. 2d 366; Cunningham v. Webber, 171 Okla. 211, 42 P. 2d 244, and other cases, the one-year statute of limitation provided in section 12763, O. S. 1931, does not apply where the tax deed relied upon is void. We apply such rule here, and conclude that the defendant is not bound by such statute of limitation."

Again, in Deneen v. Gillespie, 180 Okla. 342, 70 P. 2d 1078, we held:

"The statute of limitations with reference to resale tax deed relates to resale tax deeds issued by one with authority to sell the land at a resale and to issue a deed. They do not relate to resale tax deeds issued by one who did not have authority to sell the land at a resale and to issue a deed. Unless a resale tax deed was executed by one with authority to sell the land at a resale and to issue a deed, it is in legal effect a mere scrap of paper and it is not a resale tax deed, although so denominated therein and although it has the general appearance thereof."

In the latter case the question of notice was not involved, but in Lind v. Stubblefield, supra, we pointed out that notice to the owner of intention to apply for a tax deed is analogous to process in the court, and that without such notice, the owner is deprived of his property without due process of law. To this we may add that section 12757, O. S. 1931, 68 Okla. St. Ann. § 393, gives the owner of any land sold for taxes, or any person having a legal or equitable

interest therein, the right to redeem the same at any time within two years after the day of such sale, or at any time before the execution of a deed of conveyance thereof by the county treasurer.

Section 12759, O. S. 1931, 68 Okla. St. Ann. § 451, provides:

". . . That before any holder of a certificate of purchase issued at any tax sale of real estate shall be entitled to a deed as provided in this section, he shall cause a written notice signed by himself to be served upon the owner of the land if he is within the state, and also upon the person in possession of the said land (if the same be occupied), which notice shall recite the sale of the said lands, specifying the date of such sale and notifying such person that unless redemption is made from such sale within 60 days after the date of the service of such notice, a tax deed will be demanded and will issue as provided by law."

The right to redeem is a valuable right of which the owner of the land may not be deprived without due process of law, and in such cases the required statutory notice is a vital part of due process of law.

Furthermore, in Price v. Mahoney, supra, it was not necessary to pass upon the question of whether a tax deed valid on its face, though issued without notice to the record owner, set in motion the statute of limitation when such deed is placed on record. In that case the deed under consideration was found and held to be void on its face and wholly insufficient to set in motion the statute of limitation. It was apparently this fact that caused the adoption of the opinion in Price v. Mahoney, supra, holding that "the recording of a tax deed, fair—not void—on its face, sets in motion the statute of limitations, and when the statutory period of time has elapsed it cannot be attacked, though not based on proper jurisdictional prerequisites."

We are now convinced that the rule stated in Lind v. Stubblefield, supra, and the other cases cited, and again followed in McAfee v. Harden, supra, is the better rule. And Price v. Mahoney,

supra, insofar as it conflicts with Lind v. Stubblefield, supra, on the question of notice to the owner of intention to apply for tax deed, and insofar as it would appear to hold that the recording of a tax deed fair on its face sets in motion the statute of limitations, where the land was not subject to taxation, or where the taxes were paid, or the assessment was illegal, is expressly overruled. What we have said in reference to the one-year statute of limitations applies with equal force and for the same reasons to the two-year statute of limitations, section 99 O. S. 1931, 12 Okla. St. Ann. § 93, subd. 3, urged in the brief of defendant in error.

This requires consideration of the effect of the first tax deed issued to the National Bank of Hominy. This deed is also assailed under the proposition that more than one tract of land was conveyed. What we have said with reference to the Black deed applies to the bank deed, and said deed is not void on its face on the ground that more than one tract was conveyed.

But our attention is now called to the recitation in the bank deed that notice of intention to apply for the deed by the bank was served on the owner and occupants of the land by the legal owner of the tax sale certificate.

In Channell v. Jones, 184 Okla. 644, 89 P. 2d 769, it is held:

"A tax deed which shows upon its face that the notice required by section 12759, O. S. 1931, was served by the certificate holder and not by one of the persons designated by section 171, O. S. 1931, is void."

In the body of the opinion, it is said:

"The tax deed is therefore void upon its face and it is not necessary that the action to cancel the same be brought within one year from the date of recording."

Under the rule there stated the tax deed to the Hominy Bank is void.

In Cunningham v. Webber, supra, it is held that notice of intention to apply for a tax deed served by publication and

addressed to the holder of a void resale tax deed was insufficient as notice to record owner. Therein is cited with approval Conners v. City of Lowell, 209 Mass. 111, 95 N. E. 412, wherein it was held:

"One holding under a recorded tax deed, invalid on its face, is not a 'person appearing of record as owner,' within Rev. Laws, c. 12, sec. 15, requiring an assessment to the owner of record; for, when a tax deed fails to convey a title, it fails to convey the rights of the original owner, who remains the only person appearing of record as owner, and a sale founded thereon is void."

The tax deed to the bank is therefore void.

On the question of whether plaintiffs should be required to tender all taxes, penalties, interest, and costs as required by section 12761, O. S. 1931, 68 Okla. St. Ann. § 453, the decisions of this court have not been in harmony.

We need not here point out the apparent conflict in some of the cases. That was done in Schulte v. Herndon, 184 Okla. 77, 84 P. 2d 607. Therein we said:

"The tender statute applies whether the tax deed is valid, voidable, or void where, as here, the land is liable for taxation, has been assessed and extended upon the tax rolls in substantial compliance with the statute, and the taxes have not been paid."

Had the instant case been commenced after the decision in Schulte v. Herndon, supra, we would not hesitate to direct that this case be dismissed for failure to comply with the statutory requirement of such tender. Since this case was commenced prior to that decision, we deem it proper, in view of the conflict in the decisions at that time, to give plaintiff an opportunity to comply with said statute.

The judgment is reversed and the cause is remanded for further proceedings not inconsistent with the views herein expressed, with further directions to allow plaintiffs ten days after mandate is returned and entered of record to comply with the statute relative to tender of taxes, penalties, interest, costs, etc., and upon his failure so to do, to dismiss the action.

OSBORN, GIBSON, DAVISON, and ARNOLD, JJ., concur. WELCH, C. J., CORN, V. C. J., and BAYLESS and HURST, JJ., dissent.

---

HURST, J. (dissenting). I dissent. I think the action is barred by the statute of limitations, and the judgment should be affirmed for that and other reasons.

The Legislature has enacted laws to coerce property owners into paying their taxes. It has provided for the sale of property on which the taxes are delinquent. These laws contain inducements for investors to purchase tax titles at such sales so that the schools and other local units of government may be financed. Among such inducements are the tender statutes, curative statutes, the statute requiring a liberal construction of the proceedings in favor of the purchaser, the provision that the purchaser acquires a fee-simple title, and the statutes of limitations. An examination of our prior decisions discloses that many of them ignored the plain terms of our statutes and were based on statements by text writers and decisions from other states whose statutes were not like ours. The same rules of construction should be applied to tax sale statutes that are applied to other statutes, and of course the cardinal rule is to ascertain and carry out the intention of the Legislature. Because of the failure of this court to apply such rules, and to keep in mind the language of our statutes, we find our tax deed decisions in a very unsatisfactory and confusing condition.

The following language of the Kansas Supreme Court, written by Justice Valentine in 1870, found in Bowman v. Cockrill, 6 Kan. 311, is peculiarly applicable to the majority opinion as well as our statutes and former decisions having to do with tax titles:

". . . Every person is morally bound to pay his taxes; he cannot in equity and

good conscience shift the burden of supporting the government entirely upon the shoulders of others. If he fails and refuses to pay his taxes, it is just that he should forfeit the property upon which such taxes are imposed. The Legislatures have passed stringent laws to compel the owner of property to pay his taxes, and at the same time they have, as a wise and prudent measure, offered great inducements to others to pay them, provided he fails to do so. Among these inducements is the statute of limitations protecting the title of a purchaser at a tax sale after two years from the recording of his deed. It would not now be very creditable to the state nor to the courts to refuse to carry out and enforce these laws which offered these inducements. Everyone ought to know whether his land is taxable or not, and everyone is presumed to know the law. These statutes are not ambiguous or equivocal on this question. The only hope of those who refuse and fail to pay their taxes is that the courts, through sympathy with those who are about to lose their property for a small sum, will refuse to execute the will of the Legislature; that the Legislature, through inadvertence, has made some slip, or left open some loop-hole, or have not expressed themselves in language as clear as the noon-day sun, whereby the court will find some plausible pretext for refusing to execute the law. While it is generally true that the person who fails to pay his taxes deserves but little if any sympathy, yet it is not always so; and it often happens that the holder of a tax title who desires to take the property of another for a very small amount, deserves almost anything except sympathy. Very hard cases are sometimes presented to the courts, and in such cases courts will sometimes exercise all their ingenuity to find some plausible ground for deciding against the tax title. This is human, and in one sense excusable; *but the legal duty of courts is only to expound the law, and they are not responsible for its consequences.*" (Italics mine.)

Here Louie Henderson, owner of the land involved in this case, quit paying taxes on said land some 15 years ago and shifted to the shoulders of others the burden of supporting the schools and other local units of government. The land was sold for the 1925 taxes,

and the Hominy National Bank became the owner at said tax sale. It in turn failed to pay the taxes subsequently assessed. The land was again sold for the 1927 taxes, and Maude Q. Black became the purchaser. The record discloses that at the time of the trial the tax liability, which had been paid by Mrs. Black, was $1,716.83. Mrs. Black caused notice of intention to demand a tax deed to be served on the successors to the Hominy National Bank and also upon Louie Henderson, as well as upon the tenant in possession. Both Mrs. Black and Mr. Black testified that, after the notice was so served, Louie Henderson called at their home and discussed the notice, but decided that the amount required to redeem was so much that he would not be justified in redeeming. The certificate tax deed to Mrs. Black was executed on October 5, 1933, was duly recorded on October 6, 1933, and Mrs. Black immediately took possession under her deed. She leased the land for agricultural purposes to Mart Wilcox on December 6, 1933, and conveyed it to him by quitclaim deed on December 17, 1934. About a year after the Black tax deed was recorded and possession was taken under it, Henderson attempted to convey the land to others, and by mesne conveyances the same was subsequently conveyed to Westerheide, who, joined by Henderson and the intermediate grantees, commenced this action on May 6, 1936. It is clear that Mrs. Black and Mr. Wilcox held adverse possession of said land under said tax deed, and the deed was of record, more than two years prior to the commencement of this action. Mrs. Black intervened in the action, and she and Mart Wilcox defended on several grounds. They specifically pleaded, and now rely upon, the two-year statute of limitations. They also rely upon the one-year statute of limitations.

The trial court made a general finding in favor of the defendants, but no special findings. I think the judgment could properly be sustained because the service of notice on the bank was notice to the "owner" as required by 68 O. S. 1941 § 451, and the decision in Channell

v. Jones, 184 Okla. 644, 89 P. 2d 769, on which the majority opinion is in part based, is wrong in holding that the clause in the deed shows illegal service, and ignores the rule requiring liberal construction of tax sale proceedings in favor of the purchaser found in 68 O. S. 1941 § 453. The judgment could also be sustained because the notice was legally served on Henderson. However, it is not necessary to base an affirmance on those grounds.

The majority opinion holds that the action is not barred by the one-year statute of limitations (68 O. S. 1941 § 455) or by the two-year statute of limitations (12 O. S. 1941 § 93). Assuming for the purpose of this opinion that the Black tax deed is invalid because of failure to properly serve the notice upon the "owner," and assuming further that this action is not barred by the one-year statute of limitations, as held by the majority opinion, I think this action is barred by the two-year statute of limitations, and that Mart Wilcox now has a good title by prescription under 60 O. S. 1941 §§ 332, 333.

It is intimated in some of our former decisions (Lind v. Stubblefield, 138 Okla. 280, 282 P. 365; Swan v. Kuehner, 157 Okla. 37, 10 P. 2d 707; Deneen v. Gillespie, 180 Okla. 342, 70 P. 2d 1078) and in the majority opinion that the Legislature is without power to make a statute of limitations apply to a void tax deed so as to bar the former owner from recovery of the land. This is not the law. The constitutional right of the Legislature to make statutes of limitation apply to tax deeds void because of fundamental or jurisdictional defects in the tax proceedings so as to bar the former owner where the purchaser at the tax sale has held adverse possession of the property for the statutory period, and where the period fixed by statute is not unreasonably short, is now well settled. See Saranac Land & Timber Co. v. Roberts, 177 U. S. 318, 20 S. Ct. 642; Bowman v. Cockrill, 6 Kan. 311; Blackwell on Tax Titles (5th Ed.) § 896; Cooley, Constitutional Limitations (8th Ed.) p. 761; 17 R. C. L. 670, 680,

682; 61 C. J. 1430, notes 6466; 37 C. J. 687, § 7; 12 C. J. 1224, § 1000; 2 C. J. 188, 189; 2 C. J. S. 605, 606; 1 R. C. L. 716; 1 Am. Jur. 905.

It is also settled that a limitation period of two years as applied to tax deeds is not so unreasonably short as to violate constitutional rights. See Saranac Land & Timber Co. v. Roberts, supra (six months held not unreasonable); Ross v. Royal, 77 Ark. 324, 91 S. W. 178 (2 years).

At one time statutes of limitation were not looked upon with favor by the courts and were given a strict construction, but that rule no longer prevails. Such statutes are now generally looked upon with favor as statutes of repose (Theis v. Board of County Com'rs, 22 Okla. 333, 97 P. 973; Adams et al. v. Coon et al., 36 Okla. 644, 129 P. 851; United States v. Oregon Lumber Co., 260 U. S. 290, 43 S. Ct. 100), and the rules to be followed in construing statutes generally apply to such statutes and they are to be given a reasonable construction. See 17 R. C. L. 664, 668, 684, 686, 687, 688; 37 C. J. 389.

We have three statutes of limitations dealing with tax titles: 12 O. S. 1941 § 93, subd. 3; 68 O. S. 1941 § 432f; and 68 O. S. 1941 § 455.

Section 93 is found in the Code of Civil Procedure and is the general statute of limitations. The other two sections are found in the Revenue and Taxation Code, and are special statutes of limitations. They are generally referred to as the short statutes of limitations. By the term of 12 O. S. 1941 § 92, § 93 applies to causes of action except "where, in special cases, a different limitation is prescribed by statute." Section 432f by its terms applies only to resale tax deeds and it therefore does not apply in the instant case involving a certificate tax deed. Therefore, assuming the correctness of the majority opinion that section 455 does not bar plaintiffs' action, it seems clear that, under the quoted terms of section 92, the third subdivision of section 93 should bar such an action unless there

is some language therein indicating a contrary intention. Section 93 is as follows:

"Actions for the recovery of real property, or for the determination of any adverse right or interest therein, can only be brought within the periods hereinafter prescribed, after the cause of action shall have accrued, and at no time thereafter:

"First: An action for the recovery of real property sold on execution, brought by the execution debtor, his heirs, or any person claiming under him, by title acquired after the date of the judgment, within five years after the date of the recording of the deed made in pursuance of the sale.

"Second: An action for the recovery of real property sold by executors, administrators or guardians, upon an order or judgment of a court directing such sale, brought by the heirs or devisees of the deceased person; or the ward or his guardian, or any person claiming under any or either of them, by the title acquired after the date of the judgment or order, within five years after the date of the recording of the deed in pursuance of the sale.

"Third: An action for the recovery of real property sold for taxes, within two years after the date of the recording of the tax deed.

"Fourth: An action for the recovery of real property not hereinbefore provided for, within fifteen years.

"Fifth: An action for the forcible entry and detention, or forcible detention only, of real property within two years."

The purpose of all statutes of limitations is to bar stale claims. The purpose of section 93 is also to stabilize land titles. Section 93 refers to possessory actions and the two-year period prescribed by the third subdivision does not begin to run against the former owner until after the happening of two events: (1) the recording of the tax deed, and (2) the taking of adverse possession thereunder. See Main v. Payne, 17 Kan. 608; Lowenstein v. Sexton, 18 Okla. 322, 90 P. 410. A careful analysis of the first three subdivisions of section 93 discloses that they are very similar and

have the same meaning as applied to void deeds. The first two sections refer to actions "for the recovery of real property" sold at judicial sales. The third subdivision refers to actions "for the recovery of real property" sold for taxes. There is nothing in the language of the third subdivision of section 93 to indicate that the Legislature did not intend it to apply both to the purchaser and the former owner or to certificate tax deeds or resale deeds. However, I think section 455 applies to the purchaser whether the deed is valid, voidable, or void, and if he does not commence an action to get possession, or does not get possession, within one year after the deed is recorded, the former owner remaining in possession acquires a prescriptive title. Section 93 was readopted as a part of the 1910 Revised Laws (sec. 4655) at a time when both resale and certificate tax deeds were recognized (secs. 7396-7414, R. L. 1910). While the question is not now before us, I doubt the correctness of the decision in Fullerton v. Carlock, 179 Okla. 230, 65 P. 2d 464, holding that the third subdivision of section 93 does not apply to resale tax deeds. And the decisions in Mahoney v. Barton, 168 Okla. 586, 35 P. 2d 443, and Ewart v. Boettcher, 174 Okla. 460, 50 P. 2d 676, holding that it does not apply to resale tax deeds valid on their face but void for jurisdictional reasons. This court has consistently held that the first two subdivisions bar actions for the recovery of land sold at judicial sales, though the sale is void, not merely voidable. See Dodson v. Middleton, 38 Okla. 763, 135 P. 368 (guardian's deed); Sandlin v. Barker, 95 Okla. 113, 218 P. 519 (administrator's deed); and Green v. Wahl, 117 Okla. 292, 246 P. 419 (sheriff's deed on execution).

I find no case holding that the third subdivision does not apply to a certificate tax deed valid on its face but void for jurisdictional reasons. None of the cases relied on in the majority opinion so hold. It was intimated that the section does not apply in such a situation in Farmers National Bank v. Gillis, 155 Okla. 290, 9 P. 2d 47, although such a

rule was not specifically stated in the body of the opinion or in the syllabus.

I am of the opinion that the same construction that has been consistently given to the first two subdivisions should also be given to the third subdivision. There is no language in section 93 justifying this court in applying a different rule to the third subdivision from that applied to the first two subdivisions, or that would justify this court in holding that the same does not apply to tax deeds, valid on their face but void for jurisdictional reasons. There is nothing in section 93 indicating that the Legislature intended to favor the owner of land who did not pay his taxes over minors, idiots, heirs, or judgment debtors. In fact, it intended the opposite, for it provided a shorter period of limitation in actions involving tax titles than in actions involving judicial sales, probably because the records of tax sales are not so well kept and are more easily lost or misplaced. These views are in harmony with the Kansas decisions based on this and other sections of the Kansas Code rendered prior to 1893. See Waterson v. Devoe, 18 Kan. 223; Maxson v. Huston, 22 Kan. 643; Jordan v. Kyle, 27 Kan. 190; Edwards v. Sims, 40 Kan. 235, 19 P. 710; Doudna v. Harlan, 45 Kan. 484, 25 P. 883. While the question is to be determined from a consideration of the language of the particular statute, this rule followed in the Kansas decisions applying the statute of limitations to tax deeds valid on their face but void for jurisdictional defects, obtains generally in the other states. See 61 C. J. 1428-1430; 2 C. J. 188-189; 2 C. J. S. 605, 606; 1 R. C. L. 716; 26 R. C. L. 445; 1 Am. Jur. 905; Mills v. Bundy, 105 Neb. 470, 181 N. W. 184; Ross v. Royal, 77 Ark. 324, 91 S. W. 178. It has been applied where no notice of the delinquent tax sale or redemption notice was given, as required by statute, or where same was irregularly given. Cornelius v. Ferguson, 23 S. D. 187, 121 N. W. 91; Sharp v. Central Branch, etc., Ry. Co., 24 Kan. 547; Jordan v. Kyle, 27 Kan. 190.

In all cases such as we are now dealing with the court is called upon to answer two questions: (1) What did the Legislature intend by the applicable statute? and (2) Will the court enforce the statute when its meaning is ascertained? This court should not be influenced by the result of its enforcement. We should not consider whether the statute is too severe on the purchaser or the former owner. Those are questions properly to be considered by the Legislature but not by the court. In answering the first question, we must first determine whether the statute is ambiguous. If it is not, our duty is to enforce it as it is plainly written. If it is ambiguous, we should ascertain its meaning by applying to it settled rules of statutory construction, and then enforce it as so construed.

As disclosed in the majority opinion, this court has not been consistent on the question as to whether section 455 bars an action by a former owner where the deed is valid on its face but invalid because of defects in the proceedings not shown on the face of the deed. In at least four cases, not heretofore specifically overruled (O'Keefe v. Dillenback, 15 Okla. 437, 83 P. 540; Clark v. Duncanson, 79 Okla. 180, 192 P. 806; Treese v. Ferguson, 120 Okla. 235, 251 P. 91; Price v. Mahoney, 175 Okla. 355, 53 P. 2d 257) it was held or said that section 455 does bar such an action, while in a large number of cases the contrary has been held.

The majority opinion in effect adds a proviso to subdivision 3 of section 93 as follows: "Provided, however, that this subdivision shall apply only to valid or voidable tax titles, but not to void tax titles." The result is that the third subdivision of section 93 and section 455 are rendered practically ineffective and the intention of the Legislature is defeated. Valid tax titles do not need the aid of a statute of limitations (Maxson v. Huston, supra, by Justice Brewer). Voidable tax titles are practically nonexistent, since most defects in tax sale proceedings are, by the decisions of this court, held to render the tax title "void," not merely "voidable."

It follows that I am of the opinion that the third subdivision of section 93 applies to tax deeds valid on their face but void for jurisdictional reasons, and bars an action by the former owner where the tax deed has been of record, and the purchaser has held adverse possession under the tax deed, for two years or more.

For the foregoing reasons I think the judgment should be affirmed, and I dissent to the majority opinion.