FLAG OIL CO. et al. v. SMITH.

No. 31554.   March 13, 1945.

*156 P. 2d 796.*

V. E. Stinchcomb and E. P. Ledbetter, both of Oklahoma City, for plaintiffs in error.

Jack H. Smith and Reuel W. Little, both of Madill, for defendant in error.

BAYLESS, J. Jack H. Smith instituted an action in the district court of Marshall county to quiet title to real estate, and made Flag Oil Company, a corporation, and Farmer's Union Cooperative Royalty Company, a corporation, defendants, as well as other defendants not here involved. Smith prevailed and the corporations appeal.

The corporations urge that the county treasurer failed to include in the notice of sale and the notice of resale all taxes, penalties, interests and costs due thereon, and for that reason the resale deed is void. They do not set out the particular year's taxes not included, and Smith calls attention to the fact that they argue only with respect to the costs of the sales and states that actually no taxes were omitted from the advertisement although he does not urge that the costs were advertised. He argues, and we agree, that under 68 O. S. 1941 § 432b, if any costs were omitted, such omission is a mere irregularity and does not invalidate the sale.

The land described by plaintiff as belonging to him by virtue of the resale deed embraces 130 acres less five acres excepted for cemetery purposes. We observe, from the descriptions used by the parties, that the defendant corporations make no claim to ten acres of this 130. It appears from the records that in 1930 and 1931, when the annual sales were held, this 130 acres was assessed as two separate tracts, and these tracts were sold separately in those annual sales. It appears from the records that thereafter this 130 acres was assessed as one unit although it does not appear by whose authority the two tracts were unified for assessment. This later status existed at the time of the resale in 1940. The defendant corporations urge that the resale in 1940 is utterly void because (1) there was no authority for unifying the two tracts for assessment and taxation, and (2) that the two tracts having been separately sold for the taxes separately assessed and levied against them in the earlier years, there was no authority for selling them as one unit at resale in 1940.

The duty that rests on a landowner to return his real property for taxation,

and the power that is vested in the county assessor to assess real property when it is not returned by the owner, is governed by 68 O.S. 1941 § 15.6 et seq., which sections of our statutes generally conform to the earlier statutes governing this matter during the years in which the taxes for which this land was sold at resale were assessed, levied, and became delinquent. We think our decision in Westerheide v. Wilcox, 190 Okla. 382, 124 P. 2d 409, construing and applying these statutes, governs here. As pointed out therein, the statutes require the owner to return his property and authorize him to adopt any method of unifying or dividing contiguous tracts of land in this return, and a like power is vested in the county assessor in the absence of the owner's voluntary return. It is not shown in this record who combined these two tracts of land and we will not presume, for the purpose of lending merit to the defendant corporations' contentions, that it was done in an unauthorized or illegal manner. We do not mean to say that if an owner omits to return his real property for taxation, the county assessor may arbitrarily or capriciously change existing descriptions, but in the absence of a showing of the authority for making this change we will not, as stated above, presume that the county assessor wrongfully combined the land for assessment.

With respect to the argument that the land could not be sold in 1940 at resale as a unit because it had earlier been sold in separate tracts, no authority is cited and we know of none to support the contention. If this was the rule, it would result in the landowner, once his property had been sold for delinquent taxes, not being able thereafter to exercise the right conferred on him by statute with respect to unifying or dividing his property for assessment and taxation, although he might still have a period under the statute during which he might redeem, and during which he would be the undisputed owner. This would be disadvantageous to him. On the other hand, if this was the rule, it would mean that a landowner could return his property for taxation under one description and permit the taxes to become delinquent and sold at annual sale, and be able thereafter to prevent a valid sale or resale being made of the land, by altering the descriptions for assessment in subsequent years, and thus completely defeat the statutory method of the collection of delinquent taxes. This would be disadvantageous to the county. We find no meritorious argument or reason for declaring the 1940 resale deed invalid on the grounds suggested by defendant corporations.

They complain also of the failure to except the cemetery tract of five acres from the 130-acre tract offered at resale. We cannot see any prejudice to the defendants from this. The location of the five acres set aside for the cemetery is not shown with definiteness. Unless its inclusion in the sale proceedings was unauthorized and constituted an invasion of the rights of some interested party to his prejudice, it merely constitutes an irregularity and will not invalidate the same under section 432b. While the facts herein are not identical with those in Watts v. Merriweather, 184 Okla. 32, 84 P. 2d 643, and Schuman v. Moses, 193 Okla. 634, 146 P. 2d 290, the principle discussed in those cases, carefully differentiated by the divergent facts therein, applies here. The description used is sufficient under this rule.

The judgment appealed from is affirmed.

OSBORN, WELCH, CORN, DAVISON, and ARNOLD, JJ., concur.